# EX PARTE ABDU ET AL., PETITIONERS.

## PETITION FOR WRIT OF MANDAMUS.

No. 31, Original. Argued April 29, 1918.—Rule discharged May 20, 1918.

In a case ultimately within its reviewing power, this court has jurisdiction to require by mandamus the filing of the record in the Circuit Court of Appeals.

Where the refusal to file was in accordance with orders of the Court of Appeals, relied on in the clerk's answer, *held* that, while properly the relief should have been directed to the court, under the peculiar circumstances the irregularity might be treated as formal and the authority to make the orders be determined with the clerk alone as technical respondent.

The provision in the Act of June 12, 1917, c. 27, 40 Stat. 157, that "courts of the United States shall be open to seamen, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering and prosecuting suit," etc., does not apply to appellate proceedings.

Rule discharged.

THE case is stated in the opinion.

*Mr. Silas B. Axtell,* with whom *Mr. Vernon S. Jones* was on the brief, for petitioners.

*Mr. Robert S. Erskine,* with whom *Mr. John M. Woolsey* was on the brief, for respondent.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

In the trial court the petitioners, six in number, Arabian seamen and members of the crew of a British ship, as libellants sought to enforce the payment of one-half their wages in reliance upon the provisions of § 4530, Rev. Stats., as amended by § 4 of the Act of March 4, 1915, c. 153,

38 Stat. 1165. In granting an appeal from a decree dismissing their claim the court, in view either of the provisions of the Act of Congress of July 1, 1916, c. 209, 39 Stat. 313, or those of the Act of June 12, 1917, c. 27, 40 Stat. 157, or both, directed that the appellants be permitted to perfect their appeal without cost.

In the Circuit Court of Appeals the clerk declined to file the record without the deposit to secure costs required by the rules. The court was asked to direct the clerk to do otherwise, but for reasons stated in a brief memorandum it refused to do so. Assuming that this action was based solely on the view that the Act of 1916 had ceased to be operative by limitation of time, relying upon the Act of 1917, the request for direction to the clerk to file the record without costs or security for the same was again made to the court and refused upon the ground of want of merit in the application, that is, upon the conclusion that the act of Congress relied upon did not relieve seamen from costs in appellate courts. Leave to present a petition for mandamus against the clerk to compel him to file the record without costs was then here granted and the matter is before us on the submission of the rule to show cause consequent upon such permission and the answer of the clerk to the rule setting out the action of the court, in which answer reliance is placed upon the orders of the court which are appended and the two opinions expressed by the court on the subject.

The existence of ultimate discretionary power here to review the cause on its merits and the deterrent influence which the refusal to file must have upon the practical exertion of that power in a case properly made gives the authority to consider the subject which the rule presents.[1] But that does not without more dispel the seeming con-

---

[1] *Ex parte Crane,* 5 Peters, 190, 193–194; *Chateaugay Iron Co., Petitioner,* 128 U. S. 544; *Hollon Parker, Petitioner,* 131 U. S. 221, 225–226; *In re Hohorst,* 150 U. S. 653; *In re Grossmayer,* 177 U. S. 48, 49–50.

**27.** Opinion of the Court.

fusion resulting from the fact that the remedy prayed is directed not to the court below but to its clerk and hence in form the relief sought is a mandamus to direct the clerk to disobey the order of the court, leaving the order unreviewed and unreversed. The incongruity is obvious and we cannot as a general rule sanction it. Looking, however, through form to the essence of things, as no mere independent action of the clerk as clerk is involved, but the authority exerted by the court in directing the action of the clerk complained of is the subject-matter at issue and is the only justification relied upon by the clerk in the answer to the rule, we are of the opinion that in the exercise of a sound discretion we may treat the case from that point of view, that is to say, under the circumstances consider the authority to have made the order with the clerk alone as a technical party to the proceeding.

The contention that the court mistakenly refused to permit the appellate proceedings to be conducted without payment of costs is based upon a provision in the Appropriation Act of June 12, 1917, as follows:

"*Provided,* That courts of the United States shall be open to seamen, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering and prosecuting suit or suits in their own name and for their own benefit for wages or salvage and to enforce laws made for their health and safety."

The provision does not in express words relate to appellate proceedings and the whole argument advanced to sustain the theory that it includes such proceedings rests upon the conception that because the provision was intended to benefit seamen by giving them access to the courts without cost, therefore by necessary implication the statute should be construed as all-embracing; that is, as giving the right to carry on appellate proceedings free from costs. But this simply assumes the proposition contended for and after all comes but to the contention

that, because the statute gives the right which is asserted, therefore the statute should be construed as conferring it and its enjoyment consequently sustained. The error results from disregarding the broad distinction which exists between the right to be heard in courts of justice on the one hand and the necessity for the grant of authority on the other to review the results of such hearing by proceedings in error or appeal. *Reetz* v. *Michigan,* 188 U. S. 505, 507–508; *United States* v. *Heinze,* 218 U. S. 532, 545–546; *Lott* v. *Pittman,* 243 U. S. 588, 591. This obvious distinction between the two we are of opinion, in the absence of a clear and express legislative direction to the contrary, excludes the possibility of giving the statute the all-embracing construction sought to be applied to it. And the correctness of this opinion is we think conclusively illustrated by a consideration of prior statutes dealing with a somewhat cognate subject and the decisions concerning the same. Act of July 20, 1892, c. 209, 27 Stat. 252; Act of June 25, 1910, c. 435, 36 Stat. 866; *Bradford* v. *Southern Ry. Co.,* 195 U. S. 243; *Kinney* v. *Plymouth Rock Squab Co.,* 236 U. S. 43. In other words, under the Act of 1892 conferring a right to prosecute *in forma pauperis* suits in courts of the United States, which was certainly as broad in its language as the one now under consideration, it was decided in the *Bradford Case* that the right did not embrace appellate proceedings. And when following that decision the statute was amended by the Act of 1910 so as to cause it in express terms to be applicable to appellate proceedings, the right was subjected to accompanying restrictions and safeguards which as held in the *Kinney Case* made the new right not absolute, but dependent not only upon the limitations which were otherwise put in the statute but also upon the exercise of a sound discretion by the appellate court. The statute before us, as we have seen, which was enacted in 1917 after the decision in the *Bradford Case,* contains none of the ex-

BRANDEIS, J., dissenting.

press provisions as to appellate proceedings inserted in the Act of 1910. Thus if resort is to be had to legislative history and the implication of legislative intent as a means of reading into the statute that which it does not contain, a contrary result must necessarily follow, since the conclusion from considering that subject must be that the Act of 1917 enacted after the *Bradford Case* in not expressing the right to be exempt from costs in appellate proceedings was intended to conform and give effect to the rule announced in the *Bradford Case.*

*Rule discharged.*

MR. JUSTICE BRANDEIS, dissenting.

I am unable to concur in the decision of the court. Congress declared without qualification: "That courts of the United States shall be open to seamen . . . for the purpose of entering and prosecuting suit" . . . "without . . . making deposit to secure fees or costs." There being no qualification, the words "courts of the United States" mean *all* the courts in which seamen may have occasion to enter and prosecute suits. Seamen have occasion to enter and prosecute such suits in appellate courts. Consequently they should be permitted to do so "without . . . making deposit to secure fees on costs."

MR. JUSTICE CLARKE joins in this dissent.