*Ex Parte:* JAN I. FORTUNE.

171 So. 310.

Opinion Filed December 16, 1936.

*Julius F. Parker,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, and *R. E. Cowart,* for Respondent.

DAVIS, J.—Section 8318 C. G. L., 6024 R. G. S., provides as follows:

· "All judicial officers of this State shall be conservators of the peace and committing magistrates, and may issue warrants against persons charged on oath with violating the

criminal laws of the State, and may commit offenders to jail or recognize them to appear before the proper court at the next ensuing term thereof to answer the charge, or may discharge them from custody, according to the circumstances of the case and may require sureties of the peace when the same has been violated or threatened. The method of proceeding before all committing magistrates shall be that prescribed for justices of the peace, as nearly as may be."

Section 5 of Article V of the Constitution of Florida provides-that:

"* * * Each of the Justices (of the Supreme Court) shall have power to issue writs of habeas corpus to any part of the State upon petition by or on behalf of any person held in actual custody, and may make such writs returnable before himself or the Supreme Court, or before any Circuit Judge."

Acting under and by virtue of the authority in me vested by the above provision of the Constitution and laws of the State of Florida, I did, on December 9, 1936, issue a writ of habeas corpus returnable before myself, to investigate as a committing magistrate, the alleged probable cause for the detention in custody in Leon County of one Mrs. Jan I. Fortune, whose physical condition occasioned by an automobile wreck in which she was a participant on December 2, 1936, was alleged before me not to warrant her removal to Taylor County for a commitment hearing before the County Judge of that County on a criminal warrant. The criminal warrant exhibited as part of the return of the Sheriff recites that Mrs. Fortune was charged with violating the laws of this State in that she did, on December 2, 1936, aforesaid, then and there recklessly operate a motor vehicle upon State Road No. 19, between the Town of Perry, Florida, and the Village of Eridu, at a rate of speed greater than

is reasonable and proper, and without regard to the width, traffic and use of said highway, and so as to endanger the property, life and limb of any person (Section 1296 C. G. L., 1023 R. G. S., 7793 C. G. L.). It was upon such warrant that Mrs. Fortune had been arrested in Leon County and was there being held in actual custody until such time as her injuries permitted her to be taken back to Taylor County in custody, when she applied to me for habeas corpus.

The evidence taken before me shows that Mrs. Jan I. Fortune, the petitioner, a resident of Dallas, Texas, while driving a Chevrolet automobile, had a collision with a Ford V-8 car driven by the son of Mrs. Jessie G. Wood, who swore to the criminal complaint upon which the warrant for Mrs. Fortune's arrest was issued. Both cars were admittedly traveling about the same speed, 45 or 50 miles an hour, in the night time, on an open uncongested principal highway 18 to 20 feet in width. The collision occurred when the cars were in the act of passing each other, the Fortune car going in the direction of Perry, the Wood car going in the direction of Tallahassee. No intoxicating liquor is involved on either side, all participating drivers being admittedly sober and free from indulgence in intoxicants.

The evidence as to the circumstances of the collision and the proximate cause of it, is conflicting. Whatever its weight as proof in a civil suit for damages as to which I express no opinion, there is a complete absence of proof of reckless "speed" on the part of the driver of either car at the time of the collision or just prior thereto. *Reckless* "speeding" being the gist of the criminal charge laid in the warrant of arrest, which is founded on Section 1296 C. G. L., *supra,* and no proof whatsoever on that point being

adduced to show criminal conduct on the part of Mrs. Fortune in the particulars charged in the warrant of arrest, upon which her being held in custody is predicated, I find that petitioner should be discharged from custody for lack of any showing of probable cause for her detention under the circumstances.

A judicial officer sitting as committing magistrate should not hold for bail and subsequent trial of a person accused of a criminal offense laid in an affidavit filed against him where, upon a challenge duly made by appropriate legal procedure of the existence of probable evidentiary cause for holding the accused for trial on the accusation, it is affirmatively made to appear that if a trial were duly had of the cause, the trial judge would be compelled to direct a verdict of acquittal as a matter of law on the evidentiary showing appearing to be relied upon as constituting probable cause for further holding under Sections 8320 C. G. L., 6026 R. G. S; 8333 C. G. L., 6036 R. G. S.

It is ordered that the petitioner, Jan I. Fortune, be discharged from custody of the Sheriff of Leon County, Florida, under the warrant of arrest dated December 7, 1936, and endorsed for service in Leon County on December 9, 1936, and that the costs of this proceeding be taxed against Taylor County, Florida.

Done at Tallahassee, Florida, this 16th day of December, 1936.

FRED H. DAVIS,
*Justice Supreme Court of Florida.*