**MILLSLAGLE v. OLSON, Warden of Nebraska State Penitentiary.**

No. 12064.

Circuit Court of Appeals, Eighth Circuit.

Aug. 31, 1942.

For former opinion, see 128 F.2d 1015.

J. J. Wilson, of Lincoln, Neb., for appellant.

Before STONE, GARDNER and RIDDICK, Circuit Judges.

PER CURIAM.

This appeal was from denial of habeas corpus to appellant who is confined in the Nebraska State Penitentiary on conviction in the State court. After the case was submitted on the merits, it was first brought to our attention that no certificate of probable cause for appeal had been made, as required by the statute. 28 U.S. C.A. § 466. Because of absence of such certificate, we dismissed the appeal for lack of jurisdiction. Millslagle v. Olson, 8 Cir., 125 F.2d 546. Thereafter, appellant, who was proceeding pro se, filed a petition for rehearing and, in conjunction therewith, asked appointment of counsel. Highly competent counsel was appointed

and has filed an amended petition for rehearing.[1]

Ground 1. It is not only the right but the duty of every federal court to scrutinize its jurisdiction and to decline jurisdiction where it does not exist. State of Minnesota v. Hitchcock, 185 U.S. 373, 382, 22 S.Ct. 650, 46 L.Ed. 954. All jurisdiction of Courts of Appeals is purely statutory (United States v. Rayburn, 8 Cir., 91 F.2d 162, 164) and appeal must be taken in manner permitted by statute. Credit Alliance Corp. v. Atlantic, Pacific & Gulf Refining Co., 8 Cir., 77 F.2d 595, 596. The presence of a certificate of probable cause is a statutory jurisdictional requirement in an appeal of this character: Ex parte Patrick, 212 U.S. 555, 29 S.Ct. 686, 53 L.Ed. 650 and cases cited in 125 F.2d 546.

Grounds 2, 5 and 8 are directed rather to the policy of the Act (§ 466) than to any power or duty of this Court. Congress has deemed it wise to restrict the right of appeal in this character of cases and we are bound thereby.

Ground 3. We assume that the reasoning in support of this ground is that the allowance, by the trial court, of an appeal "in forma pauperis" is equivalent to a certificate of probable cause. The allowance of an appeal is an entirely separate matter from granting a right to prosecute the appeal in forma pauperis. The latter is purely a privilege given indigent persons to prosecute an appeal, otherwise and independently allowable, without payment of fees and costs incident to such prosecution.

It is true that there is a discretion in granting or refusing this privilege and that a recognized reason for refusing such privilege is lack of any substance in the appeal. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 49, 35 S.Ct. 236, 59 L.Ed. 457; Smith v. Johnston, 9 Cir., 109 F.2d 152, 154. However, the statute (§ 466) requires a specific affirmative act—the certificate—and that requirement admits of no substitute nor equivalent.

Grounds 4 and 7. These grounds present the question of the validity of the statutory requirement for a certificate. The right of appeal is purely a matter of legislative grace or privilege. It is in no

---

[1] The grounds stated in the amended petition are as follows:

"(1) That this court accepted the jurisdiction of said cause on appeal June 12, 1941, by order of the Honorable Seth Thomas, Judge of the U. S. Circuit Court of Appeals for the 8th Circuit and when the court once accepts jurisdiction, it cannot later deny that it had no power or authority to accept jurisdiction.

"(2) That unless this court accepts jurisdiction, this appellant has no way to review the order of June 3, 1941, denying and dismissing the petition of habeas corpus filed in the District Court of the United States for the District of Nebraska, Lincoln division.

"(3) That the Judge who denied the appellant's petition for writ of habeas corpus, to-wit, the Honorable Seth Thomas, one of the Judges of the United States Circuit Court of Appeals, Eighth Circuit, was the same Judge who on June 12 entered an order permitting appellant to prosecute said appeal in forma pauperis as follows, to-wit:

" 'It is further ordered that said petitioner be and is hereby allowed to prosecute said appeal in forma pauperis.'

"(4) That to deny appellant the right to have his cause reviewed in the Circuit Court of Appeals, will deprive said appellant of the due process of law and equal protection as provided under the 14th Amendment of the constitution of the United States.

"(5) That to deprive the appellant of a rehearing in this cause will deprive him of a hearing on the merits in said cause by mere technicalities.

"(6) That appellant has been conducting his own case pro se while incarcerated in the state penitentiary of the state of Nebraska by reason of which he has had no means of protecting his rights.

"(7) That Title 28, U.S.Code, Section 466, providing a method by which an arbitrary and capricious judge could deny the appellant a right to review by refusing to enter a certificate of *probably* cause and that said section of the statute deprives appellants of a right of review, which is contrary to the due process clause of the constitution of the United States and that the only way errors can be corrected where no certificate of *probably* cause has been entered is by right of review in the Circuit Court of Appeals.

"(8) That on a rehearing of said cause the court should find from the briefs and the proof on file that an error was committed in the District Court denying the writ and that can only be shown by the court granting a re-hearing permitting appellant by counsel to protect all of the rights and remedies said appellant may have in said cause."

sense a fundamental right. Unless the Congress provides for an appeal no right thereto exists. In re Abdu, 247 U.S. 27, 30, 38 S.Ct. 447, 62 L.Ed. 966. Obviously, the power to refuse or to grant such right includes the less power to grant upon such conditions as may seem appropriate to the Congress.

To guard against the possibility of an arbitrary refusal by a trial court to make the certificate, the Act gives a right to apply for such to any circuit judge of the circuit.

Ground 6. That the appellant was under the handicap of conducting his own case from prison might be reason for a court to give him such additional consideration as it deemed proper. However, such consideration cannot go beyond the power of the court.

The amended petition for rehearing must be denied.

