with a single offense in violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408.

■ The lower court found that petitioner had intelligently waived his right to assistance of counsel, that he understood and was not misled as to the offense charged against him, and that he entered pleas of guilty to both counts. On appeal, this court will not disturb such findings. O'Keith v. Johnston, 9 Cir., 146 F.2d 231; Michener v. Johnston, 9 Cir., 141 F.2d 171.

■ As to the sufficiency of the indictment, we are in accord with the lower court's conclusion of law that the sufficiency of the indictment is not open to challenge on habeas corpus. Batson v. Squier, 9 Cir., 146 F.2d 264.

Affirmed.

There were no appearances in the case.

Before HUTCHESON, WALLER and LEE, Circuit Judges.

PER CURIAM.

■■ The petition is for leave to appeal as a poor person under Sec. 832, Title 28 U.S.C.A. The appeal is from a "final decision by a court of the United States in a proceeding in habeas corpus where the detention complained of is by virtue of process issued out of a State court". Under the provisions of Sec. 466, Title 28 U.S.C.A., a certificate of probable cause is a jurisdictional prerequisite to such an appeal. Millslagle v. Olson, 8 Cir., 130 F.2d 212; Genna v. Frazier, 5 Cir., 24 F.2d 706. Plaintiff does not present such certificate, but, on the contrary, there appears in the record a finding and order of the district judge that no probable cause exists. The petition is denied.

### HOUSE v. MAYO.

Circuit Court of Appeals, Fifth Circuit.

Nov. 14, 1944.

### POWELL v. MEYER, Warden.

No. 8738.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 14, 1945.

Decided Feb. 16, 1945.