## HICKS v. MAYO.

### No. 11739.

Circuit Court of Appeals, Fifth Circuit.

Nov. 22, 1946.

Arthur C. Hicks, of Raiford, Fla., for appellant, in pro. per.

J. Tom Watson, Atty. Gen. of Florida, and Reeves Bowen, Asst. Atty. Gen. of Florida, both of Tallahassee, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

### PER CURIAM.

This appeal is from "a final decision by a court of the United States in a proceeding in habeas corpus where the detention complained of is by virtue of process issued out of a state court". Under the provisions of Section 466, Title 28 U.S.C.A. a certificate of probable cause is a jurisdictional prerequisite to such an appeal.[1] The appellant does not present such certificate, but, on the contrary, there appears in the record a finding and order of the district judge that no application for such certificate was made, but if it were, the court

---

[1] Bilik v. Strassheim, 212 U.S. 551, 29 S.Ct. 684, 53 L.Ed. 649; Ex parte, Patrick, 212 U.S. 555, 29 S.Ct. 686, 53 L.Ed. 650; House v. Mayo, 5 Cir., 147 F.2d 606.

would deny it, as the court "could not conscientiously make such a certificate".

The record standing thus, and the judges of this court, after an examination of the record, being of the opinion that there is no probable cause for an appeal and declining to issue such certificate, the appeal is dismissed for want of jurisdiction.