UNITED STATES of America, Appellee,

v.

Irving GARBER, Defendant-Appellant.

No. 412, Docket 33042.

United States Court of Appeals
Second Circuit.

Argued May 6, 1969.

Decided July 11, 1969.

Irving Garber, pro se.

Daniel J. Sullivan, Asst. U. S. Atty. New York City (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, and Lawrence W. Newman, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before MOORE, FRIENDLY and HAYS, Circuit Judges.

PER CURIAM:

Irving Garber appeals *pro se* from an order of the United States District Court denying his motion to dismiss an indictment and another motion for change in venue and severance. In Count One of the seventeen-count indictment, Garber is charged, along with nine other co-defendants and several persons named as co-conspirators but not as defendants, with a conspiracy to commit fraud in the sale and purchase of stock, in violation of the Securities Act of 1933, 15 U.S.C. §§ 77q(a) and 77x. Specifically, Count One charges that as part of the conspiracy, appellant would buy and sell Donbar Development Corporation (Donbar) stock through nominee accounts for the purpose of rigging their market price. Additionally, in the same count it is charged that Garber sold Donbar stock through his brokerage firm, Nassau Securities Service, without revealing that the stock was being manipulated and that secret compensation was being paid to securities salesmen. Appellant was not named in the other sixteen counts which charged five defendants with substantive violations of 15 U.S.C. §§ 77q (a) and 77x.

Appellant contends that the indictment should have been dismissed (1) because his privilege against self-incrimination was violated by an order of the District Court which required him to turn over to the Grand Jury records of his former brokerage firm, (2) because the indictment was unconstitutionally vague, and (3) because the Grand Jury was not properly selected in that it did not represent a cross-section of the community. The denial of a motion to dismiss an indictment is not appealable under 28 U.S.C. § 1291 and § 1292, because such a denial is not a final "decision" or "judgment." See Snodgrass v. United States, 326 F.2d 409 (8th Cir. 1964); Yeloushan v. United States, 313 F.2d 303 (5th Cir.), cert. denied, 373 U.S. 912, 83 S.Ct. 1301, 10 L.Ed.2d 413 (1963); United States v. Foster, 278 F.2d 567 (2d Cir. 1960); United States v. Golden, 239 F.2d 877 (2d Cir. 1956); Chereton v. United States, 256 F.2d 576 (6th Cir. 1958); Atlantic Fishermen's Union v. United States, 197 F.2d 519 (1st Cir. 1952).

As the Supreme Court stated in Parr v. United States, 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1956):

" * * * In general, a 'judgment' or 'decision' is final for the purpose of appeal only 'when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.'

" * * * 'Final judgment in a criminal case means sentence. The sentence is the judgment.' * * * "

Thus, the appeal of the denial of this motion must be dismissed.

Garber also seeks to have this court review the denial of his motion for severance and change in venue. An order denying motions for severance and change in venue is also not appealable before trial. See United States v. Brown, 301 F.2d 664 (4th Cir. 1962); Holdsworth v. United States, 179 F.2d 933 (1st Cir. 1950). Although it may be reviewable by way of writ of mandamus, a strong showing of prejudice must be made since motions for severance and change in venue are addressed to the discretion of the trial judge. Application of Gottesman, 332 F.2d 975, 976 (2d Cir. 1964). Even treating appellant's *pro se* appeal as an application for a writ of mandamus, appellant has not shown a "clear abuse" of discretion which would warrant interference with the trial judge's determination. Bankers Life & Casualty Co. v. Holland, 346 U.S.

379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953).

Furthermore, Judge Cooper denied appellant's motion for a separate trial "without prejudice to renewal at or near the time of trial." The denial of his motion for severance was, therefore, not final or conclusive. The trial court specifically left the matter open for further consideration prior to trial if facts, later developed or explained, indicated that a separate trial was required.

The appellant has made the unsupported allegation that "the newspapers in this district already tried the case." The trial judge acted well within his discretion in rejecting this claim because it was unsubstantiated and because there was no showing that there was a "reasonable likelihood that prejudicial news prior to trial will prevent a fair trial." Sheppard v. Maxwell, 384 U.S. 333, 363, 86 S.Ct. 1507, 1522, 16 L.Ed.2d 600 (1966).

The appeal as to the denial of appellant's motion for change in venue and severance is also dismissed.