**UNITED STATES of America,
Appellee,**

v.

**Claude Raymond CURRY, Appellant.**

**No. 15356.**

United States Court of Appeals,
Fourth Circuit.

Argued April 7, 1971.

Decided April 26, 1971.

Robert Magnuson, Charleston, W. Va., court-appointed (McClintic, James, Wise & Robinson, Charleston, W. Va. on brief), for appellant.

Robert B. King, Asst. U. S. Atty., (W. Warren Upton, U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

In United States v. Curry, 4 Cir., 410 F.2d 1372 we affirmed an order committing Curry to a mental institution on a finding that he was incompetent to stand trial on a charge of threatening the life of the president. However, we directed an inquiry into whether his release on bail would constitute a danger to himself or the public. On remand, the district court found that his release would present such a danger. That finding is not challenged.

After a hearing, Curry was transferred from a federal institution to the Spencer State Hospital in West Virginia. Though not formally committed under state civil procedures, he is now being treated at the hospital, whose professional staff have indicated that the pendency of the federal indictment would have no adverse effect on treatment possibilities. The only question Curry attempts to raise here is whether the pendency of the indictment under the circumstances violates his constitutional rights. The Government has declined to agree to a voluntary dismissal, and the district court denied Curry's motion to dismiss. The appeal is sought to be taken from that order.

We must dismiss the appeal for want of jurisdiction. It is settled that the denial of a motion to dismiss an indictment is an unappealable interlocutory order. 28 U.S.C.A. § 1291; United States v. Garber, 2 Cir., 413 F.2d 284; Hoffa v. Gray, 6 Cir., 323 F.2d 178. Since we lack power to afford the relief sought, Curry must rely on remedies available in the district court as changed circumstances may from time to time

dictate renewal of his motion. In the meantime there appears no impediment to his receiving the treatment he requires.

Appeal dismissed.