**UNITED STATES of America**

v.

**Thomas Francis KING, Appellant**
(two cases).

**No. 71–1267.**

United States Court of Appeals, District of Columbia Circuit.

July 18, 1973.

---

Melvin M. Feldman and Eugene J. Fitzpatrick, Rockville, Md., were on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, Percy H. Russell, Jr., Edwin A. Williams and Raymond Banoun, Asst. U. S. Attys., were on the brief for appellee.

Before TAMM, ROBINSON, and ROBB, Circuit Judges.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

These appeals feature a dispute within one of the areas we recently explored in Coleman v. Burnett:[1] the right of the accused at a federal preliminary hearing to examine a witness whose testimony is potentially material to the issue of probable cause to bind the accused over for further prosecution. Asserting a denial of that right, appellant unsuccessfully sought from the District Court an order directing a post-indictment reopening of his preliminary hearing, which culminated in an affirmative determination of probable cause. We find that there was such a denial, but we also find Coleman controlling as to the avenue for remediation. We affirm the District Court's disposition, but without prejudice to an appropriate invocation by appellant of Coleman-type corrective measures.

I

Appellant was charged with rape and three days later he appeared before a judge of the District of Columbia Court of General Sessions,[2] sitting as a magistrate,[3] for his preliminary hearing. On his objection to a hearing in the absence of the rape-complainant, the judge granted his motion for a continuance and issued a subpoena commanding the complainant to appear on the new date set for the hearing. Despite her compliance with the subpoena and her apparent availability in other respects to testify, the Government rested its entire presentation at the resumed hearing on a hearsay version of the alleged offense by a police officer.[4] The presiding judge[5] rejected defense objections to the Government's refusal to call the complainant as a witness for the prosecution,[6] and denied defense counsel leave to call her to the witness stand himself.[7] On the basis of the officer's testimony, the judge found probable cause to hold appellant for grand jury action.[8]

Subsequently, but before the return of an indictment, appellant moved in the District Court for a reopening of the preliminary hearing. The motion was denied, and one of the present appeals is from that denial. Somewhat later, appellant was indicted for rape[9] and robbery,[10] and thereafter he presented to the District Court a second motion seeking a supplemental preliminary hearing and, alternatively, a stay of proceedings or injunctive relief. The other appeal is from the denial of that motion. Still later, appellant was found incompetent to stand trial and was committed to a hospital, where he remains today.

II

We are met at the threshold by the Government's challenge to our jurisdiction to entertain these appeals. Deeming the orders appealed from nonfinal, and pointing to finality as a prerequisite

1. 155 U.S.App.D.C. 302, at 311–313, 477 F.2d 1187, at 1196–1198, 1200–1207 (1973). For that reason, and because Coleman was under submission when this appeal became ready for attention, we deferred its consideration pending the decision in Coleman.

2. Now the Superior Court of the District of Columbia, D.C.Code § 11–901 (Supp. V. 1972).

3. Pursuant to 18 U.S.C. § 3041 (1970) and D.C.Code § 11–963(c) (1967).

4. Neither the admission of the hearsay nor the wholly hearsay basis for the probable cause finding is attacked here. See Coleman v. Burnett, supra note 1, at 1202–1203.

5. The resumed hearing was conducted by a different judge from the one who had directed the subpoena for the complainant.

6. No question in regard to this ruling is presented on these appeals.

7. See note 42, infra.

8. When, at the conclusion of the officer's testimony, counsel sought to call the complainant as a witness, the judge ruled:
   The court has at this time heard adequate evidence to establish probable cause to hold [appellant] for the action of the grand jury on the charge of rape.

9. D.C.Code § 22–2801 (1967).

10. D.C.Code § 22–2901 (1967).

to appealability,[11] the Government argues that the validity of the denials of appellant's motions to reopen his preliminary hearing is a question not properly before us. By the Government's theory, the only course open to appellant is to await a conviction, and in that event to test the denials on an appeal from the judgment of conviction. We do not agree.

To be sure, for familiar reasons, interlocutory orders in criminal cases are generally nonappealable.[12] And, again speaking generally, whether the case is civil or criminal in nature, "a 'judgment' or 'decision' is final for the purpose of appeal only 'when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.' "[13] But not every order prior to judgment is nonappealable,[14] nor is every proceeding collateral to an ongoing criminal prosecution taboo.[15] We need not ponder the question whether the District Court's orders denying appellant's motions would be appealable as orders in such a prosecution, for we are satisfied that they were not of that character.

Nearly a decade ago, we laid down the principle that an accused deprived of a substantial right at his preliminary hearing could seek relief by way of habeas corpus or mandamus.[16] Certainly if appellant had pursued either of those remedies in the District Court separately from the criminal proceeding, he could have taken an immediate appeal from any adverse final decision.[17] Since, on careful analysis, the motions invoking appellant's preliminary hearing entitlements emerge as lit-

---

11. See text *infra* at notes 12–13.

12. DiBella v. United States, 369 U.S. 121, 124–132, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962) (order denying pretrial motion to suppress); United States v. Perkins, 140 U.S.App.D.C. 76, 433 F.2d 1182 (1970) (removal order pursuant to Fed.R.Crim. P. 40); Cephus v. United States, 117 U.S. App.D.C. 15, 17 & n. 6, 324 F.2d 893, 895 & n. 6 (1963) (denial of motion for judgment of acquittal); Nelson v. United States, 93 U.S.App.D.C. 14, 24–25, 208 F.2d 505, 515–516, cert. denied, 346 U.S. 827, 74 S.Ct. 48, 98 L.Ed. 352 (1953) (order denying motion to suppress); United States v. Garber, 413 F.2d 284, 285 (2d Cir. 1969) (denial of motion for severance and change of venue); United States v. Curry, 442 F.2d 428 (4th Cir. 1971) (order denying motion to dismiss indictment); United States v. Tinkoff, 153 F.2d 106, 107 (7th Cir. 1945), cert. denied, 329 U.S. 740, 67 S.Ct. 56, 91 L.Ed. 638 (1946) (orders denying petition for subpoena *duces tecum* and for appointment of an impartial physician). By statute, some interlocutory orders in criminal cases are appealable by the Government. See 18 U.S.C. § 3731 (1970); D.C.Code § 23–104(a)(1) (Supp. V 1972). And see text *infra* at notes 14–15.

13. Parr v. United States, 351 U.S. 513, 518, 76 S.Ct. 912, 100 L.Ed. 1377 (1956), quoting St. Louis, I. M. & S. R.R. v. Southern Express Co., 108 U.S. 24, 28, 2 S.Ct. 6, 27 L.Ed. 638 (1883). See also Carroll v. United States, 354 U.S. 394, 403–405, 408–414, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957); Berman v. United States, 302 U. S. 211, 212–213, 58 S.Ct. 164, 82 L.Ed. 204 (1937).

14. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951) (order denying reduction of bail); Roberts v. United States District Court, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950) (order denying leave to appeal *in forma pauperis*). See generally Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Redding & Co. v. Russwine Constr. Corp., 135 U.S.App.D.C. 153, 156–158, 417 F.2d 721, 724–726 (1969), and cases there cited.

15. See Coleman v. Burnett, *supra* note 1, at 1192–1193 of 477 F.2d; Ross v. Sirica, 127 U.S.App.D.C. 10, 11–12 & n. 2, 380 F. 2d 557, 558–559 & n. 2 (1967); Washington v. Clemmer, 119 U.S.App.D.C. 216, 217–218 & n. 2, 339 F.2d 715, 716–717 & n. 2, following remand, 119 U.S.App. D.C. 226, 227, 339 F.2d 725, 726 (1964).

16. Blue v. United States, 119 U.S.App.D.C. 315, 321, 342 F.2d 894, 900 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965).

17. Coleman v. Burnett, *supra* note 1, at 1192 of 477 F.2d (mandamus); Washington v. Clemmer, *supra* note 15, 119 U.S. App.D.C. at 217–218, 339 F.2d at 716–717 (habeas corpus). Compare Ross v. Sirica, *supra* note 15, 127 U.S.App.D.C. at 11–14, 380 F.2d at 558–561.

igation substantively apart from the prosecution, the same result must follow.

Each of the motions asked the District Court for an order directing the judge who conducted the preliminary hearing to reopen it for the purpose of permitting appellant's counsel to examine the complainant as his witness. The common objective of the motions, then, was relief in the nature of mandamus. The only dissimilarity between appellant's motions and other mandamus undertakings which, for comparable situations, our decisions have approved is that the others have been full-fledged actions for writs of mandamus.[18] While undoubtedly it was this dissimilarity that prompted the Government's jurisdictional objection, it nevertheless is a distinction without legal difference.

■ The crucial fact of the matter is that the directive which appellant sought from the District Court was as readily available in an informal proceeding as in the most formal and elaborate suit in mandamus. In this age of increasing emphasis on simplicity, judicial procedures have shed much of their archaic formalism.[19] So, too, the austerity which in earlier times might have pervaded judicial treatment of preliminary hearing problems is largely out of fashion today. Thus a challenge to a magistrate's determination of probable cause to detain the accused need not be confined within the strictures of habeas corpus, but may, and more probably should be, advanced by a motion in the district court.[20] Even more relevant is Holmes v. Unittd States,[21] in which we specifically held that an accused seeking rectification of a claimed deprivation of rights at his preliminary hearing may, in lieu of a separate action in mandamus, seek redress by a motion in the district court.[22] That is precisely what appellant did in the case at bar, and it is evident that the mere fact that his motions were filed in the court which was to become the forum for the criminal prosecution did not make them steps in the prosecution.[23] Indeed, when appellant's first motion was presented, he had not even been indicted.

■ We are advertent to the consideration that appellant's motions did not undertake to join as a party the judge who had presided at his preliminary hearing, but that does not affect the conclusion that the effort remained outside the criminal proceeding. The nonjoinder of the judge was but a dispensable bit of formalism. In the federal courts, when the purpose of mandamus is to secure a ruling on the intrinsic merits of a judicial act, the judge need not—and desirably should not—be named as an active party, but at most only as a nominal party with no real interest in the outcome.[24] In the instant

18. See cases cited *supra* note 17.

19. See Fed.R.Civ.P. 1; Fed.R.Crim.P. 2.

20. DiCesare v. Chernenko, 303 F.2d 423, 424 (4th Cir. 1962). See also United States v. Florida, 165 F.Supp. 328, 331 (E.D.Ark.1958); United States v. Vassallo, 282 F.Supp. 928, 929 (E.D.Pa. 1968); United States v. Zerbst, 111 F. Supp. 807, 809, 810 (E.D.S.C.1953). Habeas corpus is, however, available where the accused is arrested in a different district and the magistrate is acting under Fed.R.Crim.P. 40. See Price v. Henkel, 216 U.S. 488, 492–493, 30 S.Ct. 257, 54 L.Ed. 581 (1910); Bryant v. United States, 167 U.S. 104, 105, 17 S.Ct. 744, 42 L.Ed. 94 (1897).

21. 125 U.S.App.D.C. 187, 370 F.2d 209 (1966).

22. *Id.* at 188 n. 5, 370 F.2d at 210 n. 5.

23. The motion *may* be made as a step in the criminal proceeding. *Id.* If it is, the ruling on it is not immediately appealable. DiCesare v. Chernenko, *supra* note 20, 303 F.2d at 424. The motion may, however, be made *independently* of the prosecution, and, if so, the appealability of the ruling is preserved. United States v. Allen, 133 U.S.App.D.C. 84, 85, 408 F. 2d 1287, 1288 (1969).

24. A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 442, 2 A.L.R.Fed. 558 (2d Cir. 1966); Rapp v. Van Dusen, 350 F.2d 806, 812–813 (3d Cir. 1965); General Tire & Rubber Co. v. Watkins, 363 F.2d 87, 88–89 (4th Cir.), cert. denied, 385 U.S. 899, 87 S.Ct. 204, 17 L.Ed. 2d 131 (1966). See also Yablonski v. United Mine Workers of America, 147 U.S.App.D.C. 193, 195–196, 454 F.2d 1036, 1038–1039 (1971).

cases, the fact that the judge was not named at all did not alter the essential character of appellant's motions.[25] In Ex parte Abdu,[26] mandamus was sought in the Supreme Court to compel the clerk of a circuit court of appeals to file an appeal record without prepayment of costs. In response to a rule to show cause, the clerk pointed to the court's action in refusing to direct the filing. The Supreme Court noted "that the remedy prayed is directed not to the court below but to its clerk and hence in form the relief sought is a mandamus to direct the clerk to disobey the order of the court, leaving the order unreviewed and unreversed."[27] The Court nonetheless concluded:

> Looking, however, through form to the essence of things, as no mere independent action of the clerk as clerk is involved, but the authority exerted by the court in directing the action of the clerk complained of is the subject-matter at issue and is the only justification relied upon by the clerk in the answer to the rule, we are of the opinion that in the exercise of a sound discretion we may treat the case from that point of view that is to say, under the circumstances consider the authority to have made the order with the clerk alone as a technical party to the proceeding.[28]

▮ We believe that here substance must similarly be elevated over form. Although appellant's motions for reopening of his preliminary hearing were technically addressed against the Government,[29] it was obvious that if the relief he wanted was to be granted, the direction to reopen would have to run against the judge who had conducted the preliminary hearing. The judge's absence as a formal party to the motions caused no concern to anyone; indeed, the Government did not object, and consequently waived the defect.[30]

In sum, the motions for reopening were not parts of the criminal proceeding. They were separate, permissible efforts to obtain relief in the nature of mandamus, and their formal deficiencies are inconsequential. The rulings denying relief are appealable, and we now proceed to the appeals on the merits.

### III

In contending that he was erroneously denied the privilege of calling the complainant to testify at his preliminary hearing, appellant relies chiefly on our decisions in Washington v. Clemmer[31] and Ross v. Sirica.[32] In *Washington*, just as in this case, the accused, who was charged with rape, sought leave to subpoena and question the complainant at his preliminary hearing.[33] We held that, absent a showing that it would be unreasonable or oppressive for physiological or psychological reasons to require her to testify, it was error to deny the request.[34] In Ross v. Sirica, the accused, charged with murder, endeavored to subpoena three alleged eyewitnesses for his preliminary hearing.[35] The re-

---

25. The motions were styled "United States of America v. Thomas F. King." Compare United States v. Allen, *supra* note 23.

26. 247 U.S. 27, 38 S.Ct. 447, 62 L.Ed. 966 (1918).

27. *Id.* at 29, 38 S.Ct. at 448.

28. *Id.*

29. See note 25, *supra*.

30. Town of Scott v. Artman, 237 Ill. 394, 86 N.E. 595, 596 (1908) ; State ex rel. Clark v. Bailey, 99 Mont. 484, 44 P.2d 740, 743 (1935) ; People v. Northern Cent. R.R., 164 N.Y. 289, 58 N.E. 138, 140 (1900) ; State ex rel. Viking TP. v. Mikkelson, 24 N.D. 175, 139 N.W. 525, 528 (1912) ; City of Portland v. Coffey, 67 Or. 507, 135 P. 358, 359 (1913) ; Rodriguez v. Richmond, 234 S.W.2d 248, 249–250 (Tex.Civ.App.1950).

31. *Supra* note 15.

32. *Supra* note 15.

33. 119 U.S.App.D.C. at 217, 339 F.2d at 716.

34. *Id.* at 219, 339 F.2d at 718.

35. 127 U.S.App.D.C. at 11, 380 F.2d at 558.

quest was denied and probable cause was found solely on the testimony of a police officer who related what those witnesses had told him.[36] We held that the accused was entitled to a preliminary hearing at which witnesses might be examined, notwithstanding the return of an indictment against him in the meantime.[37]

These decisions weigh heavily in favor of appellant's claim of error in the preliminary hearing now under scrutiny. In *Ross*, we declared that "[w]hatever the full reach of an accused's subpoena rights at a preliminary hearing, . . . he is entitled to compel the attendance of eyewitnesses. . . ."[38] In *Washington*, we recognized that "[l]ikely to be called on this basis, in addition to alibi witnesses, are the complainant and other material witnesses named in the complaint who for some reason have not been called by the Government."[39] In *Washington*, we also noted that an accused may obtain subpoenas to compel the attendance of

"material witnesses reasonably requested. . . ."[40]

These holdings rested on former Federal Criminal Rule 5(c),[41] which made plain that the evidence upon which a magistrate must act at a preliminary hearing includes that adduced by the accused either in cross-examination of Government witnesses or by independent introduction. This requirement survives in the present Federal Criminal Rule 5.-1(a).[42] As we said in *Ross*, the magistrate "sits as a judicial officer to sift all the evidence before resolving probable cause, and cannot decline to issue subpoenas on the ground that only the Government's evidence is probative."[43]

We recently had occasion in Coleman v. Burnett [44] to reexamine *Ross* with a particular view toward ascertaining whether the rationale underlying that holding had been eroded by the passage of the Federal Magistrates Act.[45] We concluded that the legislative history of the Act left no doubt that the primary mission of the federal preliminary

36. *Id.*

37. *Id.* at 13, 380 F.2d at 560. On the return-of-indictment point see, however, text *infra* at note 54–60.

38. *Id.*

39. 119 U.S.App.D.C. at 219, 339 F.2d at 718.

40. *Id.*

41. Former Fed.R.Crim.P. 5(c) provided:
    The defendant shall not be called upon to plead. If the defendant waives preliminary examination, the commissioner shall forthwith hold him to answer in the district court. If the defendant does not waive examination, the commissioner shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the commissioner shall forthwith hold him to answer in the district court; otherwise the commissioner shall discharge him. The commissioner shall admit the defendant to bail as provided in these rules. After conclud-

ing the proceeding the commissioner shall transmit forthwith to the clerk of the district court all papers in the proceeding and any bail taken by him.

42. Present Fed.R.Crim.P. 5.1(a) provides:
    If from the evidence it appears that there is probable cause to believe that an offense has been committed and that the defendant committed it, the federal magistrate shall forthwith hold him to answer in district court. The finding of probable cause may be based upon hearsay evidence in whole or in part. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. Objections to evidence on the ground that it was acquired by unlawful means are not properly made at the preliminary examination. Motions to suppress must be made to the trial court as provided in Rule 12.

43. 127 U.S.App.D.C. at 12, 380 F.2d at 559.

44. *Supra* note 1.

45. Pub.L.No.90–578, tit. III, § 303(a), 82 Stat. 1110, 1117 (1968), 18 U.S.C. § 3060 (1970).

hearing is to establish the existence or nonexistence of probable cause to hold the accused for further proceedings, and is not to furnish defense counsel with discovery of the Government's case.[46] The Act's rejection of discovery at the preliminary hearing as a legitimate end in itself undercuts *Ross* to the extent— but only to the extent—that it vindicated defense discovery rights.[47] Left unimpaired is the principle, basic to *Washington* and *Ross* and reaffirmed in *Coleman,* that the accused possesses the right to present in his own behalf evidence tending to negate the Government's showing of probable cause at the preliminary hearing.[48]

*Coleman,* in which we found error in the refusal of an accused's bid to subpoena an undercover narcotics agent to testify at his preliminary hearing,[49] not only sustains but strengthens the continuing viability of *Washington* and *Ross* as precedents supporting appellant's argument here.[50] More importantly, as we held in *Coleman,* denial of the right to call a witness whose testimony is material to the issue of probable cause is not only a contravention of Criminal Rule 5.1(a) [51] but also a deprivation which reaches constitutional magnitude by its infringement of the Sixth Amendment's guaranty of effective assistance of counsel at every critical stage of the criminal proceeding.[52]

The test for determining whether or not a particular witness should have been allowed to testify at a preliminary hearing "couples the witness' materiality with an absence of good cause for not requiring his presence, and its operation does not depend upon which side might have been expected to call the witness." [53] Applying that standard here, the infirmity in appellant's preliminary hearing is glaring. The complainant in this rape prosecution—clearly *the* material witness—was available to testify. No reason was presented to the presiding judge as to why, if called, she should not be allowed to testify. In such circumstances, we agree with appellant that the judge's refusal to permit defense counsel to examine the complainant as his own witness constituted error. It was, of course, possible—perhaps probable—that her testimony would have been unhelpful or even damaging to appellant, but it cannot be gainsaid that it also could have weakened or destroyed probable cause. With that capability, it was for appellant, not the judge, to say whether the try was to be made.

### IV

Had appellant not been indicted, it is clear that he would have been entitled to a reopening of his preliminary hearing to afford an opportunity for rectifica-

46. Coleman v. Burnett, *supra* note 1, at 1198–1200 of 477 F.2d. See S.Rep.No. 371, 90th Cong., 1st Sess. 34–35 (1967).

47. See Ross v. Sirica, *supra* note 15, 127 U.S.App.D.C. at 12, 380 F.2d at 559; Blue v. United States, *supra* note 16, 119 U.S.App.D.C. at 322, 342 F.2d at 901.

48. The discovery issue was not basic to the holding in *Ross.* Rather, that decision, like Washington v. Clemmer, *supra* note 15, derived its central rationale from the requirements of Fed.R.Crim.P. 5. See Ross v. Sirica, *supra* note 15, 127 U.S. App.D.C. at 13, 380 F.2d at 560; Washington v. Clemmer, *supra* note 15, 119 U.S.App.D.C. at 219, 228, 339 F.2d at 718, 727. In *Coleman,* we reiterated our conviction that it is consistent with the purpose of the preliminary hearing to

grant requests for subpoenas upon a "plausible showing that [the] witness could contribute significantly to the accuracy of the probable cause determination. . . . " Coleman v. Burnett, *supra* note 1, at 1205 of 477 F.2d.

49. Coleman v. Burnett, *supra* note 1, at 1207.

50. *Id.* at 1203–1207.

51. Quoted in note 42, *supra.*

52. Coleman v. Burnett, *supra* note 1, at 1204–1205 of 477 F.2d. We relied primarily on Coleman v. Alabama, 399 U.S. 1, 7–10, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

53. Coleman v. Burnett, *supra* note 1, at 1205 of 477 F.2d (citations omitted).

tion of the error.[54] On the controlling authority of Coleman v. Burnett,[55] it must be concluded that the indictment against appellant does not preclude resort to other safeguards against trial prejudice flowing from the infirmity previously developing in his preliminary hearing.

It is well settled that the return of an indictment makes conclusive the existence of probable cause to hold the accused for further prosecution.[56] But this does not mean that the indictment eradicates any deprivation of constitutional rights which may have occurred at the preliminary hearing.[57] As the Supreme Court has made evident, the need to protect the accused from harmful consequences of such a wrong survives grand jury action in the meantime,[58] notwithstanding its dispositive impact upon the question of probable cause.[59] And we have unhesitatingly permitted victims of legally infirm preliminary hearings to avail themselves of appropriate remedial measures even after an indictment has issued.[60] As we did in Coleman, we must adhere to that course here.

In appellant's situation, however, there is nothing to be achieved by honoring his request to reopen his preliminary hearing at this late date, even assuming that that particular course of action could in any event be proper.[61] Like appellant Dancis in Coleman,[62] the present appellant has not yet been tried, and the judge who is to preside over any trial of the pending indictment will be in a good position to obviate any risk of prejudice stemming from the flawed preliminary hearing before such prejudice materializes.[63] Of course, as long as appellant remains incompetent to stand trial, immediate relief is not imperative. But should there come a time when he is deemed competent, the trial judge will be able to "draw upon his imagination in the kind of remedy-fashioning which traditionally has been a prerogative of the federal judiciary"[64] to suitably avert injury from the wrong suffered here.

We accordingly affirm the District Court's denial of appellant's motions to reopen his preliminary hearing, but without prejudice to the pursuit of corrective measures, of the type indicat-

54. Washington v. Clemmer, *supra* note 15, 119 U.S.App.D.C. at 220–221, 339 F. 2d at 719–720.

55. Coleman v. Burnett, *supra* note 1, at 1209–1210 of 477 F.2d.

56. Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956); Ex parte United States, 287 U.S. 241, 250, 53 S.Ct. 129, 77 L.Ed. 283 (1932); Howard v. United States, 128 U.S.App. D.C. 336, 341–342, 389 F.2d 287, 293–294 (1967); Crump v. Anderson, 122 U.S. App.D.C. 173, 175–177, 352 F.2d 649, 651–653 (1965).

57. Coleman v. Burnett, *supra* note 1, at 1209 of 477 F.2d.

58. See *Id.* at 1209–1210, discussing the controlling influence of Coleman v. Alabama, *supra* note 52, on the matter.

59. See cases cited *supra* note 29.

60. See Holmes v. United States, *supra* note 21, 125 U.S.App.D.C. at 188–189, 370 F. 2d at 210–211; Dancy v. United States, 124 U.S.App.D.C. 58, 61, 62, 361 F.2d 75, 78, 79 (1965). See also Ross v. Sirica, *supra* note 15, 127 U.S.App.D.C. at

13–14, 380 F.2d at 560–561; Blue v. United States, *supra* note 16, 119 U.S. App.D.C. at 321, 342 F.2d at 900.

61. In Coleman v. Burnett, *supra* note 1, at 1208–1209 of 477 F.2d, we found it unnecessary to decide whether a post-indictment supplemental preliminary hearing is still available to correct defects at the first preliminary hearing, in view of the language of § 303 of the Federal Magistrates Act:

[n]o preliminary examination . . . shall be required to be accorded an arrested person . . . if at any time subsequent to the initial appearance of such person before a judge or magistrate and prior to the date fixed for the preliminary examination . . . an indictment is returned . . . .

Pub.L.No.90–578, tit. III, § 303(a), 82 Stat. 1107, 1117 (1968), 18 U.S.C. § 3060 (e) (1970).

62. See Coleman v. Burnett, *supra* note 1, at 1211.

63. *Id.* at 1211.

64. *Id.* at 1211.

ed in Coleman v. Burnett,[65] in the pending criminal case to negate possible prejudice from the error in refusing to permit the complainant to be called to testify at his preliminary hearing.

Affirmed.

---

65. Among the pretrial steps which we suggested for the court's consideration were (a) making the complainant's grand jury testimony available to the defense, (b) arranging a voluntary interview between the complainant and defense counsel, and (c) allowing defense counsel to depose the complainant by written interrogatories; and these options certainly do not exhaust the remedial possibilities.

Coleman v. Burnett, *supra* note 1, at 1211–1212.

