MANN, Chief Judge.
The appellant was brought before the appellee, a county judge, on a preliminary hearing to determine whether probable cause existed to bind her over to answer the charge of grand larceny. The hearing proceeded as follows: Mr. Townsend, manager of the Lakeland Western Auto' Store, testified that a mini-bike valued at $184 was taken from the store. A second witness testified that she saw the appellant driving a station wagon and that a boy with the appellant put the mini-bike into the station wagon. Asked if she had known the appellant before this, she replied, “Just by seeing her. By name, I didn’t know her.” After this witness’ testimony the court asked the prosecutor, “Do you know what Mr. Smith will testify to?” The attorney advised the court, “He can testify that he took some photographs to this lady to identify. He can also straighten out the date as being February *51 8. He put the wrong date on the affidavit. Also, that this witness picked out some photographs of this girl and that as a result of that, he talked to this girl, and this girl told him that they had taken the minibike.” Defense counsel then said, “I’d like to call Detective Smith,” to which the judge replied, “No, because I am binding her over on grand larceny.” Defense counsel then objected that CrPR 3.131(f)[1] gave the defendant the right to call witnesses at' a preliminary hearing. The judge response was:
“Mr. McDonald, I appreciate that that rule is in the books and I notice it says, ‘. . . shall . . . ’ and I think it’s a very unfortunate rule. I’m here for probable cause, not to try reasonable doubt, and not even to try probable cause. The court has positive identification of the defendant as being the driver of a vehicle that participated in the theft of this bike.
Mr. Smith could come in and say that he showed her. one photograph and told her that was the defendant and that does not do a thing to my impression of her direct testimony from the stand that that’s the woman that she saw before. Now that may go at trial, on her credibility, powers of observation, and these sort of things, but not here. I’m not here for that purpose. That’s why I take a very adamant attitude about that.”
The colloquy continues:
“MR. McDONALD: Well, if it please the Court, the reason I made the objection is that the rule does say ‘. . . shall . . . ’ and I feel we do not have a positive identification because of the fact of the photographs being shown to the witness. I don’t feel that the identification has been shown to be probable.
THE COURT: Well, I think that would be a very good issue for reasonable doubt. I don’t think it’s an issue for probable cause. The standards are extremely different. I’m here for probable cause, whether or not the defendant should be prosecuted, not for whether she’s- guilty. I’m not concerned with reasonable doubt, and I don’t care to even involve myself with it. It’s most difficult for the Court to work probable cause when the defense starts putting on testimony. I then, believe it or not, have a very difficult time not trying the case.
MR. McDONALD: I believe the purpose of the rules stating that the defense can call witnesses is to help determine if there is probable cause, not just listening to the state’s case.
THE COURT: I appreciate that, and I think that if there were any doubt in my mind and if I thought it would serve a constructive purpose, I would not be utterly unbending on that proposition. So far, I have not yet seen an incident of which I thought that it was clear cut. I am either firmly convinced for the state or firmly convinced against the state. If I ever find myself in an awkward position, placed there by the state’s burden, then I would permit it; but, I think it is the state’s burden. The defendant comes to court presumed innocent on the law charged.”
It is true, of course, that a purpose of a preliminary hearing is to determine probable cause. Another rule[2] affords the defendant ample opportunity for discovery, and one[3] affords a procedure whereby the *52 strongest case which the state can make at trial can be laid before the court to determine its sufficiency. Dismissal at that stage is appropriate, if the evidence taken most favorably for the state would be insufficient to support a conviction.
In the present case, however, it is clear that the purpose of examining Detective Smith was related to probable cause. To assert the right to call witnesses on this point the appellant sought mandamus in the circuit court and appeals the denial of that writ.
A fine line has to be drawn between an inquiry into probable cause and the determination of disputed fact. That distinction is best understood by the opinion in Ex parte Fortune, 126 Fla. 539, 171 So. 310. There Mr. Justice Davis stated:
“A judicial officer sitting as committing magistrate should not hold for bail and subsequent trial of a person accused of a criminal offense laid in an affidavit filed against him where, upon a challenge duly made by appropriate legal procedure of the existence of probable evidentiary cause for holding the accused for trial on the .accusation, it is affirmatively made to appear that if a trial were duly had of the cause, the trial judge would be compelled to direct a verdict of acquittal as a matter of law on the evi-dentiary showing appearing to be relied upon as constituting probable cause for further holding under section 8320, C.G. L., section 6026 R.G.S.; section 8333, C. G.L., section 6036 R.G.S.”
That opinion was followed in Jefferson v. Sweat, Fla. 1954, 76 So.2d 494.
We should make it plain that the county judge has ample authority to prevent the preliminary hearing from becoming a discovery proceeding, but that authority should not be exercised by the curtailment of legitimate inquiry into the ground for belief that the defendant should be held answerable to the charge. Let us assume a clear-cut but improbable hypothetical case: Given the testimony we have quoted above, suppose that the defendant then offered to produce Detective Smith to show that at the time of the alleged offense the defendant was in fact in custody. There is no reason why the defendant should await ultimate trial to prove that she is the victim of mistaken identity. We are aware that the courts are busy and that preliminary hearings should not be prolonged unnecessarily. So long, however, as the inquiry is directed in good faith to the issue of probable cause, Rule 3.131(f) does afford the defendant the right to cross-examine the state’s witnesses and offer his own.[4]
Reversed and remanded.
McNULTY and GRIMES, JJ., concur.

.Eseamination, of Witnesses for Defendant, At the conclusion of the testimony for the prosecution, the defendant shall, if he so elects, be sworn and testify in his own behalf, and in such eases be rewarned in advance that anything he may say can be used against him at a subsequent trial. He may be cross-examined as other witnesses, and any witness offered by him shall be sworn and examined.

. Rule 3.220 OrPR.

. Rule 3.190(c) (4) CrPR.

. The problem of the limitation of scope for preliminary hearings is addressed in Coleman v. Burnett, 1973, 155 U.S.App.D.C. 302, 477 F.2d 1187. We agree with that court’s statement, 477 F.2d at 1204, that a “preliminary hearing is not only the occasion upon which the Government must justify continued detention by a showing of probable cause, but also an opportunity for the accused to rebut that showing.” This is not to say that the accused has a right to have a disputed factual question determined on preliminary hearing. He does have the right to probe the state’s showing of probable cause, however, to demonstrate its falsity or incredibility or inadequacy. See also United States v. King, 1973, 157 U.S.App.D.C. 179, 482 F.2d 768.