## UNITED STATES v. VARIOUS DOCUMENTS, PAPERS AND BOOKS OF BRIGGS & TURIVAS et al.

(Circuit Court of Appeals, Seventh Circuit. December 14, 1921.)

No. 2980.

Courts ⬥405(4)—Circuit Court of Appeals without jurisdiction to review action of Commissioner.

The Circuit Court of Appeals is without jurisdiction to review an order or judgment of a United States Commissioner on a writ of error to the District Court.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Proceeding by the United States against various documents, papers and books taken on search warrant and claimed by Briggs & Turivas, a corporation. The United States brings error to review an order of a United States Commissioner. Dismissed.

Robert A. Milroy, of Chicago, Ill., for the United States.

John L. Hopkins and William Burry, both of Chicago, Ill., for defendant in error.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

BAKER, Circuit Judge. Commissioner Mason of Chicago, on the affidavit and oral testimony of a revenue agent, issued a search warrant on which the marshal seized various documents, papers, and books

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

belonging to Briggs & Turivas, Incorporated. Thereupon Briggs & Turivas appeared before the Commissioner and filed a petition to have the search warrant quashed and the property returned. To this petition the district attorney filed an answer; and the Commissioner, after hearing the evidence and arguments of counsel, entered an order or judgment in accordance with the prayer of the petition. For the purpose of having the Commissioner's judgment reviewed, the United States sued out this writ of error addressed to the District Court.

Briggs & Turivas insist that the writ of error be dismissed because: (1) This court has no appellate jurisdiction over the order or judgment of the Commissioner; (2) the proceeding was based on the alleged commission of a felony, and the case was therefore of the kind in which the government has no right of review; and (3) the order was interlocutory.

In support of the correctness of the Commissioner's action Briggs & Turivas contend that: (1) No facts were presented which showed either directly or inferentially any probable cause for believing that a felony had been committed; (2) nor that the seized property was the means of committing any felony; and (3) the search warrant contained no particular description of the property to be seized and was therefore only the general warrant against which the Fourth Amendment was aimed. And the cases of Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Silverthorne v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; and Veeder v. United States, 252 Fed. 414, 164 C. C. A. 338, are cited.

Inasmuch as the record bears out the contentions in support of the correctness of the Commissioner's action, there is no merit in the government's writ of error. But we have no judgment of a District Court before us to affirm, and we therefore dismiss the writ on the first ground, leaving the other grounds for dismissal untouched.

The writ of error is

Dismissed.