## UNITED STATES v. ZERBST.

### No. 2720–A.

United States District Court
E. D. South Carolina, Charleston Division.
April 2, 1953.

808

Louis M. Shimel, Asst. U. S. Atty., Charleston, S. C., for plaintiff.

E. K. Pritchard, J. C. Long and Arthur Rittenberg, Charleston, S. C., for defendant.

WILLIAMS, District Judge.

The defendant has moved that the warrant against him be dismissed on the following grounds:

"1. There was no legally competent evidence before the United States Commissioner at the preliminary hearing to sustain a finding of probable cause of the commission of any Federal offense by the Defendant.

"2. The testimony before the United States Commissioner at the preliminary hearing, if believed in toto, was insufficient in law to sustain a finding of probable cause of the commission of the offense charged.

"3. That no witness testified before the United States Commissioner who could or did give legally competent evidence against the Defendant which could support a finding of probable cause of the commission of the offense charged.

"4. That the holding of the Defendant to answer in the District Court, after a preliminary hearing before the United States Commissioner, upon evidence which was legally incompetent to sustain a finding of probable cause, constitutes a deprivation of liberty and property without due process of law, in violation of the Fifth Amendment to the Constitution of the United States."

The only questions presented in the oral and written arguments of both the Government and the defendant are as follows:

(1) Does the District Court have the authority to review the action of the United States Commissioner in finding that there was probable cause for holding the defendant for the grand jury?

(2) Was there sufficient evidence before the commissioner to warrant his finding that there was probable cause to believe that the defendant violated the provisions of Section 2913 Title 26 of the Internal Revenue Code?

The defendant J. D. Zerbst, Jr. was charged in a warrant with aiding and abetting John B. Connell in violating the provisions of Section 2913 Title 26 of the Inter-

nal Revenue Code, 26 U.S.C.A. § 2913. John B. Connell, Investigator of the Alcohol Tax Unit, testified before the United States Commissioner that in October, 1951, he was sent to Charleston on an undercover assignment to purchase whiskey for evidence; that the defendant J. D. Zerbst, Jr., a county police officer, together with Overstreet, another county police officer, were paid $20 by John B. Connell to convoy him to the city limits of Charleston; that Connell had purchased some whiskey in Berkeley County and met the defendant J. D. Zerbst, Jr. and Overstreet at Mike's Place, where an informer had previously made arrangements for them to stop; that it was at this place that the defendant J. D. Zerbst, Jr. and Overstreet were paid $20 to safely convoy the car of John B. Connell, which had nontaxpaid liquor in it, to the city limits of Charleston. Connell testified that he asked the officers at Mike's Place what would happen if they were caught before they got into the city limits, and the officers stated that they would follow right behind Connell and the informer, and if it appeared that some one was going to stop them, they (Zerbst and Overstreet) would stop them first; that the defendant Zerbst and Overstreet did follow Connell and the informer to the city limits and then turned around and went back on the dual highway.

The first question to be determined is: Does the District Court have the authority to review the action of the United States Commissioner in finding that there was probable cause for holding the defendant for the grand jury?

I think the District Court does have the authority to review the action of the United States Commissioner in finding that there was probable cause in holding the defendant for the grand jury. The United States Commissioner is a ministerial —or, at best, only a quasi judicial—officer and his acts, therefore, are subject to review by the District Court. This question was presented to the court in 1923 in the case of United States v. Casino, D.C., 286 F. 976, 979, in which Judge Learned Hand had this to say:

"It was held in this court, in United States v. Maresca, supra, that a commissioner sitting as magistrate to issue a search warrant, and later to hear the question of its legality, was sitting in the District Court, and that for that reason this court could not undertake a review of his action, but that the party aggrieved must proceed by writ of error. Being a prior decision of a judge sitting in this court, I should ordinarily follow it, except for the fact that the Supreme Court has decided that a commissioner sitting to issue warrants of arrest on preliminary hearing is not holding any court of the United States at all (Todd v. U. S., 158 U.S. 278, 15 S.Ct. 889, 39 L.Ed. 982), and there is certainly no distinction between his action in such a case and in issuing a search warrant. In United States v. Berry, 4 F. 779, the Circuit Court denied prohibition against a commissioner for the reason that he was not holding an inferior court, but was acting in a ministerial capacity, and held that, as he was an officer of the court, his conduct could at any time be taken over and reviewed by the court of which he was an officer. This was done in that case, though the commissioner's action was affirmed. The District Courts following Todd v. U. S., supra, have several times said obiter that a commissioner was not holding a court of the United States (U. S. v. Beavers, D. C., 125 F. 778, 780; U. S. v. Tom Wah, D.C., 160 F. 207, 208; U. S. v. Jones, D.C., 230 F. 262, 264; The Mary, D.C., 233 F. 121, 124, and in U. S. v. Schwartz, D. C., 249 Fed. 755), the decision depended upon it.

"* * * If 'ministerial,' or only 'quasi judicial,' there seems to me no question that its review can at any time be taken over by the court of which the commissioner is an officer.

"Finally, in Collins v. Miller, 252 U. S. 364, 369, 40 S.Ct. 347, 64 L.Ed. 616, the Supreme Court assumed arguendo that a District Judge might at any time review arrest proceedings taking place.

before a United States commissioner, under the court's authority to assume control in the preliminary stages of matters of which it has the final decision under the law, and cited with approval U. S. v. Berry, supra. It is true that this declaration was obiter, but for all that I should not disregard it, following as it does Todd v. U. S., supra."

In the case of In re No. 191 Front Street, Borough of Manhattan, City of New York, 2 Cir., 5 F.2d 282, 286, it was clearly held that the proceedings before the United States Commissioner are subject to review by the District Court. The court said:

"* * * It has been held that a commissioner, when he issues warrants of arrest in a preliminary hearing, is not a judge of the United States within the constitutional sense, and a preliminary examination before him is not a proceeding in any court of the United States. Todd v. U. S., 158 U.S. 278, 15 S.Ct. 889, 39 L.Ed. 982. It has also been held that in a proceeding before a commissioner the District Court may review the decision, for the reason that, when sitting, the commissioner is not holding an inferior court, but is acting in a ministerial capacity. U. S. v. Berry, D. C., 4 F. 779. The Supreme Court has held that a District Judge might review a proceeding before the United States commissioner, under the court's authority to assume control in the preliminary stages of matters of which it has the final decision. Collins v. Miller, 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616. * * *"

There is a long line of cases whose holdings are similar to the above. It is true that in none of the cases was the question of discharging a defendant after he was held for the grand jury by the United States Commissioner considered. The questions arose under the validity of a search warrant.

Counsel for the Government and for the defendant in this case have frankly stated that they have been unable to find any case which is directly in point with the one under consideration. I think, however, that the rulings of the court in the various cases involving the validity of a search warrant make it quite clear that if a question such as the one which is now under consideration had been presented to the courts, the decisions would have been favorable to the jurisdiction of the District Court.

The United States Commissioner, being only a ministerial or quasi judicial officer, is always under the supervision and direction of the District Court. His findings may be reviewed by the District Court at any time. I would refuse, however, to review the findings of the commissioner in any case except one such as this. In this case, the defendant is a county police officer of Charleston County. As soon as he was arrested under the warrant he was properly suspended. It is not known when his case will be tried, and it seems to me that it would be improper for the District Court to refuse to take jurisdiction under the existing circumstances. I want to make it perfectly plain, however, to the members of the Bar of the Eastern District of South Carolina that there are very few cases decided by the United States Commissioner which this court will review. The circumstances must be extraordinary and unusual to justify the court's reviewing the case before it has been submitted to the grand jury. I think there are sufficiently strong circumstances in this case, however, to justify my assuming jurisdiction and reviewing the action of the commissioner.

The second question to be determined is as follows: Was there sufficient evidence before the commissioner to warrant his finding that there was probable cause to believe that the defendant violated the provisions of Section 2913 Title 26 of the Internal Revenue Code?

In order to determine this question, I must first decide whether or not Mr. John B. Connell, the Investigator of the Alcohol Tax Unit, and his informer had violated any law. From the testimony it appears that Mr. Clary, who is the head of the Alcohol Tax Unit in the Charleston area, had authorized Connell and his informer to purchase whiskey in Berkeley County and bring it back to the City of

Charleston. It was planned to pay the defendant and Overstreet the sum of $20 to safely convoy this whiskey into the city. Unless Investigator John B. Connell and his informer are guilty of a crime, I do not think that the defendant Zerbst can be held on the charge of aiding and abetting in the commission of a crime. The Government admits that under the facts involved in this case, the Alcohol Tax Unit Agents could not be held to have violated the provisions of Section 2913 Title 26 of the Internal Revenue Code. I think that this admission is proper because under the testimony which was offered before the commission it is quite clear that John B. Connell, Investigator of the Alcohol Tax Unit, and his informer were not committing any crime in transporting this whiskey to the City of Charleston. There can be no accessory without a principal. One cannot be guilty of aiding and abetting in the perpetration of a crime without its first being shown that a crime was actually committed by another. (14 Am.Jur. 821). In order that one may be a principal in the second degree or aider and abettor, it is essential that there be a crime committed and a principal in the first degree. So one cannot render himself criminally liable as an aider and abettor for aiding in the commission of an act which is not in fact criminal. 22 C.J.S. Criminal Law, § 85, p. 152.

In Morgan v. United States, 10 Cir., 159 F.2d 85, 87, the defendant was charged in the first count with illegal transportation in interstate commerce of intoxicating liquors from the State of Texas into the State of Oklahoma; and in the second count with aiding and assisting in the illegal interstate transportation of the liquor in question into Oklahoma. He was found not guilty on the first count and guilty on the second count. The court held:

"One cannot aid and abet in the commission of a crime unless there is another who has committed the offense. In other words, one cannot be an aider and abettor of himself in the commission of an offense. Obviously, therefore, one cannot be found guilty under a charge of aiding and abetting in the

commission of an offense unless there is satisfactory evidence not only of his participation but also that another for whom he was acting was connected with the offense. * * *"

In the case of Yenkichi Ito v. United States, Cal., 64 F.2d 73, the defendant (Yenkichi Ito) was indicted for the substantive offense of bringing into and aiding and abetting in bringing into the United States 6 Japanese aliens; and in the second indictment with conspiracy to bring into the United States the same aliens. The proof showed that the aliens and the persons in charge of them were arrested on board a vessel on the high seas forty miles from the coast of California. The court held that since the United States had no jurisdiction at the place of the arrest, no principal substantive offense had been committed, and, therefore, the defendant could not be held guilty of aiding and abetting the substantive offense. Certiorari was denied, 289 U.S. 762, 53 S.Ct. 796, 77 L. Ed. 1505.

I want to make it perfectly clear that I do not think that the United States Commissioner acted improperly in his findings. The questions involved in this case are legal and somewhat involved. I think that the commissioner should always determine whether or not the proof presents probable cause of guilt according to the warrant which is before him. He should not attempt, nor should he be called upon, to decide difficult legal questions.

The findings of this court can give little comfort to the defendant in this case. He is somewhat in the position of a man who intended to commit murder but when he reached the place where the murder was to be committed, he shot what he thought was the man whom he desired to kill but it turned out that he had shot a dummy. No crime can be committed by shooting a dummy. I do not mean to express any opinion as to the guilt or innocence of the defendant, but I have decided to dismiss the warrant solely because it appears that the Alcohol Tax Unit Agents were not committing a crime in bringing this whiskey into the city and that no one who aided

them in convoying the whiskey into the city could, therefore, be guilty of a crime. It appears that the Alcohol Tax Unit Agents swore out this and other warrants without consulting the United States Attorney's office. I do not question the right of the Alcohol Tax Unit to do this, but in a case presenting such involved legal questions, the Alcohol Tax Unit should never proceed without first consulting the United States Attorney's office. It is the duty of the United States Attorney to prosecute all cases, and where an involved case such as this is presented, his office should not be called upon to proceed upon any lines except those which are mapped out by his office. If the matter had been submitted to the United States Attorney's office, the proper charges would have been made against the defendant Zerbst. The evidence submitted to the United States Commissioner indicates that the defendant and Overstreet should have been charged with a different crime, and if the Alcohol Tax Unit had consulted the United States Attorney's office, the proper charge would have been made and it would have been unnecessary for me to consider this particular case.

In this connection, I want to state that I have had extensive experience over many years with prosecuting officers but I have never known an office to be more capably managed than the United States Attorney's office for the Eastern District of South Carolina.

I think the Alcohol Tax Unit acted hastily in swearing out this warrant. The facts should have been submitted to the United States Attorney's office first, and the Alcohol Tax Unit should have been governed by the advice of the United States Attorney and his assistant. I do not wish it thought that I am critical of Mr. Clary, the Alcohol Tax Unit Agent in Charleston, because I know that he has an extraordinarily fine record over a period of many years. But all the legal difficulties which have been presented in this case and others of similar nature would have been avoided if the advice and assistance of the United States Attorney's office had been first sought.

The decision in this case is not intended to prevent the United States Attorney's office from taking whatever further proceedings may appear proper.

This has been an exceedingly difficult case to decide. I have given it a great deal of thought and study. The attorneys for both the Government and the defendant have presented most able and comprehensive oral and written arguments.

For the foregoing reasons, the motion of the defendant to dismiss the warrant is hereby granted.

And it is so ordered.