UNITED STATES

v.

James VASSALLO.

No. 19154.

United States District Court
E. D. Pennsylvania.
April 22, 1968.

Robert S. Blank, Asst. U. S. Atty., E. D. Pennsylvania, Philadelphia, Pa., for plaintiff.

Louis Lipschitz, Philadelphia, Pa., for defendant.

## OPINION

MASTERSON, District Judge.

The defendant, James Vassallo, a/k/a "Jimmy Brown" was arrested in September, 1967, pursuant to an arrest warrant charging him with willfully failing to pay the occupational tax imposed on wagering by Title 26 U.S.C.A. § 4411, in violation of Title 26 U.S.C.A. § 7203, and conspiring to commit that offense, in violation of Title 18 U.S.C.A. § 371 . On October 19, 1967, Vassallo appeared before the United States Commissioner for a Pre-liminary Examination conducted pursuant to Rule 5(c) of the Federal Rules of Criminal Procedure.[1] After hearing testimony from the Special Agent of the Intelligence Division of the Internal Revenue Service who had investigated Vassallo's activities, the Commissioner decided that there was probable cause to believe that an offense had been committed and that the defendant had committed it. The Commissioner admitted Vassallo to his own recognizance pending further proceedings in the District Court.

Defendant has moved to dismiss the warrant of arrest and release him from recognizance. Defendant's contention is that the evidence at the preliminary examination is legally insufficient to sustain the Commissioner's finding of probable cause. The Government contends not only that the evidence produced was sufficient to sustain the Commissioner's finding, but also that the Court's power to review decisions of the United States Commissioner is exercised only in extraordinary circumstances not present here.

 This Court does have the power to review a Commissioner's findings made pursuant to Rule 5(c) of the Federal Rules. See United States v. Zerbst, 111 F.Supp. 807; 809 (E.D., S.C., Charleston Division, 1953); and, generally, Moore, Federal Practice, Volume 8, ¶ 5.04[5]. p. 5–35. This is the case because the Commissioner is acting in a quasi-judicial fashion and the court has authority to,

" * * * assume control in the preliminary stages of matters of which it has the final decision under the law.", Collins v. Miller, 252 U.S. 364, 369, 40 S.Ct. 347, 64 L.Ed. 616 (1920).

This power of review is exercised only rarely however. Both cases which de-

1. Rule 5(c) reads in pertinent part:
" * * * If the defendant does not waive examination, the commissioner shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the commissioner shall forthwith hold him to answer in the district court; otherwise the commissioner shall discharge him."

fendant cites as support for his position, United States v. Zerbst, supra, 111 F. Supp. at p. 810, and United States v. Florida, 165 F.Supp. 328, 331 (E.D., Ark., 1958), stress the fact that the circumstances of a case must be extraordinary to justify such review.

In the leading case in this area, *Zerbst*, supra, 111 F.Supp. at p. 810, the Court emphasized at length its reluctance to exercise review:

> "I would refuse * * * to review the findings of the commissioner in any case except one such as this. In this case, the defendant is a county police officer of Charleston County. As soon as he was arrested under the warrant he was properly suspended. It is not known when his case will be tried, and it seems to me that it would be improper for the District Court to refuse to take jurisdiction under the existing circumstances. I want to make it perfectly plain * * * that there are very few cases decided by the United States Commissioner which this court will review. The circumstances must be extraordinary and unusual to justify the court's reviewing the case before it has been submitted to the grand jury."

The facts in *Zerbst* were that the defendant had been arrested for aiding and abetting the commission of a crime and held on that charge even though the evidence before the Commissioner conclusively showed that the crime itself had not been committed. The Court considered this situation, together with the fact that the defendant had been suspended from his job by reason of the arrest, to be sufficiently unique to justify review of the Commissioner's action. In United States v. Florida, supra, 165 F. Supp. at p. 331, the court reviewed the evidence before the Commissioner only because the defendant alleged that the only witness called at the hearing had conceded that one of the essential elements of the crime was not present. After reviewing the evidence, however, the Court ultimately overruled the de-

fendant's motion to quash the arrest warrant.

■ ■ Of course there is no precise standard which this Court can follow in determining whether or not the circumstances of a case are such as to warrant a review of the Commissioner's findings. At the least, however, the Court believes that it should abstain from interfering with a criminal prosecution at this early stage of the proceedings in the absence of an allegation by the defendant that there is an egregious defect tainting the government's prosecution. The defendant here claims only that the government's evidence of his guilt is not substantial. There has been no allegation on his part of the type of unusual circumstances which this Court believes must exist before judicial review of a Commissioner's finding of probable cause is appropriate.

■ The wide discretion permitted a Commissioner by this strict approach to judicial review is reasonable in view of the limited effect which the Commissioner's finding has:

> " * * * (It) means that the government has the power to hold the defendant for action of the grand jury. It is merely an interim determination and does not constitute a basis for trying the defendant." See, Moore, supra, ¶ 5.14[1], p. 5–27.

This is not to suggest that the preliminary examination is not a meaningful part of the criminal process or that there are not important interests of an accused which must be safeguarded at such an examination. See generally, Washington v. Clemmer, 339 F.2d 715, 717–719 (C.A., D.C., 1964), and Ross v. Sirica, 380 F.2d 557 (C.A., D.C.1967). These cases reflect an increasingly more protective attitude by the courts toward accused persons appearing at preliminary examinations. Such precedent, however, does not justify any disposition here other than dismissal of the defendant's motion.

For all of the reasons noted above, this Court denies the defendant's motion to dismiss the warrant of arrest and release him from recognizance.