**Ex parte William C. MASSEY.**

**No. EP-70-CA-1.**

United States District Court
W. D. Texas,
El Paso Division.

Jan. 6, 1970.

Joseph J. Rey, Sr., El Paso, Tex., for petitioner.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

SUTTLE, District Judge.

Petitioner was taken into custody by the F.B.I. on December 5, 1969, upon his entry into this country from Juarez, Mexico, pursuant to a complaint issued the same day by a United States Commissioner, Houston, Texas, charging a violation of 18 U.S.C. § 2313. He appeared before United States Commissioner Fred J. Morton, El Paso, Texas, on December 6, 1969, pursuant to Rule 5(a), F.R.Cr.P., and was informed in accordance with Rule 5(b). Temporary bail was set at $5,000.00 and petitioner was committed to the El Paso County Jail pending further proceedings.[1] On December 8, 1969, a new complaint was issued by the United States Commissioner in Corpus Christi, Texas, where the alleged offense occurred. On December 9, 1969, petitioner again appeared before Commissioner Morton pursuant to Rule 5, F.R.Cr.P., in regard to this new complaint. In accordance with Rule 5(c), preliminary hearing was held on December 23, 1969, at which petitioner was represented by employed counsel. Bail was reduced to $1,000.00 and the Commissioner found that there was probable cause to believe that an offense had been

1. United States v. Messey (sic), E.P. Comm'r's Docket No. 8, Case No. 3,777.

**710**

committed and that the petitioner committed it. Petitioner was ordered held to answer in the United States District Court for the Southern District of Texas, in accordance with Rule 40(a), F.R. Cr.P.[2] On January 2, 1970, the instant petition was filed seeking petitioner's release from custody on the grounds that the "complaint is insufficient in Law and there is no evidence to sustain it."

A Commissioner's determination of probable cause and order binding a defendant over to answer criminal charges is reviewable only through a motion to dismiss the commitment addressed to the District Court in which the charges are pending or in whose jurisdiction the alleged offense was committed, and not an application for habeas corpus.[3] While habeas corpus is apparently available if the defendant is entitled to removal proceedings,[4] such is not the case here. Since petitioner was arrested in a district in the same state in which he is to answer, removal proceedings are not required.[5] Furthermore, an examination of the files and records herein reveals that petitioner has been afforded, and has taken advantage of, all the constitution, laws and rules require or allow. The complaint is sufficient on its face and the record shows that the Commissioner did hear evidence upon which he might base his decision.[6] Petitioner has an adequate and more appropriate remedy, pursuable in the orderly criminal proceedings of the district to which he is to be removed, by which to further urge his complaints. There appears no reason, or "circumstances * * * extraordinary and unusual to justify" further proceedings in this Court.[7]

For the foregoing reasons the Petition must be, and the same is hereby, in all things, denied, and the Marshal is hereby authorized, in the event petitioner cannot furnish bail, to transport petitioner to the Southern District of Texas, and it is so ordered.

2. United States v. Massey, E.P. Comm'r's Docket No. 8, Case No. 3,781.

3. See DiCesare v. Chernenko, 303 F.2d 423, 424 (4th Cir. 1962); cf., United States v. Zerbst, 111 F.Supp. 807 (E.D. S.C.1953); United States v. Florida, 165 F.Supp. 328 (E.D.Ark.1958).

4. See Price v. Henkel, 216 U.S. 488, 30 S.Ct. 257, 54 L.Ed. 581 (1910); cf., Bryant v. United States, 167 U.S. 104, 17 S.Ct. 744, 42 L.Ed. 94 (1896). While the remedy of habeas corpus may have been necessary to protect a defendant under 18 U.S.C. former 591, Rev.Stat. § 1014, when Price was decided, Rule 40, F.R.Cr.P., designed to protect each side from abuse from the other, may have made the remedy obsolete. See Advisory Committee Note to Rule 40, cf., 28 U.S. C. § 2253.

5. See Rule 40(a), F.R.Cr.P.; United States v. Bradford, 122 F.Supp. 915 (S.

D.N.Y.1954); 3 Wright, Federal Practice and Procedure § 652 (1969). None are required by the constitution. United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501 (1935); United States ex rel. Hughes v. Gault, 271 U.S. 142, 46 S.Ct. 459, 70 L.Ed. 875 (1925); United States v. Winston, 267 F.Supp. 555, 560 (S.D.N.Y. 1967).

6. See Price v. Henkel, supra, 216 U.S. at 492–493, 30 S.Ct. 257; Hyde v. Shine, 199 U.S. 62, 83–84, 25 S.Ct. 760, 50 L.Ed. 90 (1905); Bryant v. United States, supra; In re Oteiza y Cortes, 136 U.S. 330, 10 S.Ct. 1031, 34 L.Ed. 464 (1890).

7. See United States v. Zerbst, supra, 111 F.Supp. at 810; cf., United States v. Vassallo, 282 F.Supp. 928 (E.D.Pa. 1968).