UNITED STATES of America, Plaintiff-Appellee,

v.

William Duncan REEDS, Defendant-Appellant.

No. 76–1351.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 11, 1977.

Decided March 1, 1977.*

Richard S. Jalovec, Stephen M. Komie, Chicago, Ill., for defendant-appellant.

Samuel K. Skinner, U. S. Atty., Gordon B. Nash, Jr., Ann C. Tighe, John L. Sullivan, Chicago, Ill., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, SWYGERT and PELL, Circuit Judges.

---

* This appeal was originally decided by unreported order on March 1, 1977 pursuant to Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

PER CURIAM.

Defendant-appellant, William Duncan Reeds, has filed this appeal from a finding of probable cause made by a United States Magistrate at defendant's preliminary hearing held pursuant to the Government's complaint charging Reeds with attempting to manufacture phencyclidine (PCP), a schedule III controlled substance, in violation of 21 U.S.C. § 846. Defendant was thereafter indicted by a grand jury for the same offense charged in the complaint, and is presently at liberty on bond.

Defendant offers multiple arguments that the magistrate's finding is appealable as of right to the circuit court of appeals, including: (1) the finding is a determination of a substantial right against which defendant has no further adequate relief; (2) the finding is appealable under the collateral order doctrine enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); (3) due process requires immediate appellate review to protect against loss of valuable constitutional rights, and (4) this court has review jurisdiction by reason of its supervisory power over the district courts within the Seventh Circuit. We do not reach the question of whether the return of the indictment renders moot any infirmity in defendant's preliminary hearing for we hold we are without jurisdiction to entertain the appeal.

Alleged defects at an accused's preliminary hearing have been reviewed by way of habeas corpus or mandamus filed in the district court. *See United States v. King*, 157 U.S.App.D.C. 179, 482 F.2d 768, 771 (1973); *contra, DiCesare v. Chernenko*, 303 F.2d 423 (4th Cir. 1962) (commissioner's finding of probable cause not reviewable by habeas corpus). Prior to the enactment of the Federal Magistrates Act, 28 U.S.C. § 631 *et seq.* (1968), whereby United States Commissioners were supplanted by magistrates with expanded duties and powers, the district courts had, on occasion, assumed jurisdiction to review a finding of probable cause by a United States Commissioner. Review was had by motion in the district court to dismiss the warrant of arrest, pending the return of an indictment, and where the circumstances were "extraordinary and unusual." *United States v. Zerbst*, 111 F.Supp. 807, 810 (E.D.S.C.1953); *United States v. Vassallo*, 282 F.Supp. 928 (E.D.Pa.1968).

Although there is authority for review of a finding of probable cause in the district court under limited circumstances, the defendant has not directed our attention to, nor does further research reveal, any authority whatsoever for the proposition that appeal lies as of right to the circuit court of appeals. Whatever the efficacy of defendant's several arguments for review of the magistrate's determination of probable cause, they are misdirected when the district court has been by-passed. *Cf. United States v. Various Documents, Papers and Books of Briggs & Turivas, Inc.*, 278 F. 944 (7th Cir. 1921). Not only does the available case law point in the direction of resort to the district court for any relief to which defendant may be entitled but the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A) (1976) (amending 28 U.S.C. § 636(b) (1968)), requires that any request for reconsideration of a magistrate's pretrial finding under subparagraph (A) of section 636(b)(1), or, in the case of section 636(c) of the Act, any appeal from a conviction by a magistrate, lies with the district court. In the face of such plain legislative intent, it is difficult to reconcile defendant's claim of right to review in this court when the district court has traditionally been the forum for review of a magistrate's findings, orders, and judgments. The efficient administration of criminal justice would be ill-served by defendant's failure to follow the orderly processes established to vindicate his asserted constitutional rights.

Upon review of the record on appeal and the briefs presented by counsel without oral argument as authorized by Federal Rule of Appellate Procedure 2, the appeal is hereby DISMISSED for lack of jurisdiction.