**UNITED STATES of America, Appellee,**

v.

**Pablo Escoboza VEGA, Defendant-Appellant.**

**No. 81–1467.**

United States Court of Appeals, First Circuit.

Argued Feb. 2, 1982.

Decided May 24, 1982.

Francisco M. Dolz-Sanchez, First Asst. Federal Public Defender with whom Gerardo Ortiz Del Rivero, Federal Public Defender, San Juan, P.R., was on brief, for defendant-appellant.

Charles E. Fitzwilliam, Asst. U. S. Atty., with whom Raymond L. Acosta, U. S. Atty., San Juan, P. R., was on brief, for appellee.

Before GIBSON,** Senior Circuit Judge, and BOWNES and BREYER, Circuit Judges.

** Of the Eighth Circuit, sitting by designation.

PER CURIAM.

Pablo Escoboza Vega was convicted on the charge of knowingly encouraging the entry into the United States of one Yolanda Arias, an alien and citizen of the Dominican Republic, in violation of 8 U.S.C. § 1324(a)(4). Appellant appeals only the district court's adoption of the magistrate's report and recommendation denying his pretrial motion to suppress.

The events leading to appellant's arrest took place on March 3, 1981, at the San Juan International Airport after the arrival of his flight from Santo Domingo, Dominican Republic. As passengers entered the airport's primary inspection area, they were examined by Immigration and Naturalization Service (INS) officials who checked passports and alien registration cards. In processing Yolanda Arias, Inspector Jose M. Pereles noticed that the photographs on her Dominican Republic passport and alien registration card did not accurately represent the person before him. As Inspector Pereles was about to ask Arias for her address, appellant, who had been one or two passengers in line behind Arias, interjected, "If she has any problem, she is traveling with me. She is godmother to my son." Pereles told appellant to remain in line and ordered Arias deferred for secondary inspection. When appellant presented himself for primary inspection, Pereles looked him up in the security lookout book with negative results. Although appellant's passport and alien registration card were found to be in order, Pereles directed him to a seat in the primary inspection area because of his statement.

Immigration Criminal Investigator Clifford Foy was located in the primary inspection area when Arias and appellant were requested to sit down. Foy testified that appellant said to him, "I don't know what is going on. I've been here many times before. I don't know why they are stopping me." Foy also observed that appellant appeared to be nervous when Arias was taken to the secondary inspection room.

Shortly thereafter, Inspector Foy's supervisor, Richard Cravener, told Foy that appellant was to be released and that the secondary inspection of Arias would begin the following day. At this time, Foy requested and received permission to speak with Arias. In the ensuing conversation Arias stated, among other things, that she had paid appellant $500 and 400 Dominican pesos for the passport. After taking the implicating statement, Foy contacted INS Criminal Investigator Lee D. Morgan, who asked appellant for his account of the circumstances. Appellant replied that he did not know anything about it and expressed a desire to consult with an attorney. Appellant was then placed under arrest.

On April 1, 1981, appellant was charged in a one-count indictment with a violation of 8 U.S.C. § 1324(a)(4),[1] to which he pleaded not guilty. On April 27, 1981, appellant, through the Federal Public Defender, filed a motion to suppress alleging that his arrest and the subsequent seizure of various items from his person and luggage were made without probable cause in violation of the fourth amendment. The United States Magistrate, after hearing the motion on May 14, 1981, recommended that it be denied. Because the trial was scheduled for May 18, the magistrate gave defendant until noon on May 15 to file any objections to the report. No objections were filed at any time.

Prior to the start of trial on May 20, the court inquired if there were any motions. Defendant's attorney then stated: "I move the Court to adopt the Magistrate's finding."[2] The court stated: "There has been no objection filed to it. Yes, the Court adopts that."

The parties see the issue differently. Appellant's statement of issues[3] is: "The lower court erred in denying appellant's *Motion to Suppress.*" The government states the issue thus: "Whether, pursuant to the record, counsel for defendant has preserved his right to predicate error on the trial judge's ruling adopting the Magistrate's Report and Recommendation dated May 14, 1981."

Appellant's brief does not discuss at all the question of appealability; it assumes that, because the court adopted the magistrate's report and recommendation, it can challenge the motion to suppress. This was an incorrect assumption.

The Federal Magistrate's Act, 28 U.S.C. § 631 *et seq.* reads in pertinent part:

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all

1. 8 U.S.C. § 1324(a)(4) provides:
   (a) Any person, including the owner, operator, pilot, master, commanding officer, agent, or consignee of any means of transportation who—
   (4) willfully or knowingly encourages or induces, or attempts to encourage or induce, either directly or indirectly, the entry into the United States of—
   any alien, including an alien crewman, not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States under the terms of this chapter or any other law relating to the immigration or expulsion of aliens, shall be guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $2,000 or by imprisonment for a term not exceeding five years, or both, for each alien in respect to whom any violation of this subsection occurs: *Provided, however,* That for the purposes of this section, employment (including the usual and normal practices incident to employment) shall not be deemed to constitute harboring.

2. Appellant's brief states that defense counsel moved that the court either adopt *or* reject the magistrate's report. This is *not* the way the record reads.

3. Appellant's statement of issues on appeal also assigns error to the denial of his motion for judgment of acquittal, but this issue was waived.

parties. Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

*Id.* § 636(b)(1)(B), (C).

*Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980), presaged our ruling in this case. In *Park Motor Mart,* we explored the effect of failure to object to a magistrate's report and recommendation:

Turning to the general purpose of the statute, we see no reason for implying an obligation to review when a review has not been requested. The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work. Since magistrates are not Article III judges, it is necessary to provide for a redetermination by the court, if requested, of matters falling within subsection (b)(1)(B). To require it if not requested would defeat the main purpose of the Act.[1] It is not burdensome on the parties to require such a request. We conclude that a party "may" file objections within ten days or he may not, as he chooses, but he "shall" do so if he wishes further consideration.

*Id.* at 605. The footnote reads:

Nor can it be thought that a party could skip the district court and, in effect, appeal directly to us. We have no jurisdiction to review the determinations of magistrates. *Whitehead v. Califano,* 6 Cir., 1979, 596 F.2d 1315, 1319 n.3; *Sick v. City of Buffalo,* 2 Cir., 1978, 574 F.2d 689; *United States v. Reeds,* 7 Cir., 1977, 552 F.2d 170.

*Id.* at 605 n.1. The Sixth Circuit applied this reasoning in a criminal case, holding "that a party shall file objections with the

district court or else waive right to appeal." *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981). *See also Nettles v. Wainwright,* 656 F.2d 986, 987 (5th Cir. 1981); *United States v. Lewis,* 621 F.2d 1382, 1386 (5th Cir. 1980); *John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.,* 588 F.2d 24, 29–30 (2d Cir. 1978), *cert. denied,* 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979).

■ In the case at bar, not only was there no objection to the magistrate's report, but defense counsel moved that it be adopted. And the court, noting first that no objections had been filed, did so. Whatever defense counsel may have thought, his motion to adopt the report was an unmistakable signal to the district court that the report and recommendation were agreed to by defendant.

■ We now explicitly extend the rule of *Park Motor Mart* to criminal cases. There can be no appeal from a magistrate's report and recommendation unless objections are filed thereto.

■ Although it is of little solace to defendant, we have reviewed his substantive claim and find it without merit. We note three points. First, defendant invited more than casual attention from the immigration officials when he told them that Yolanda Arias was traveling with him. His detention, pending further questioning of Arias, was reasonable and implicated no constitutional rights and his subsequent arrest was valid. Second, defendant had no standing to suppress the incriminating statements made by Arias. Third, "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews,* 445 U.S. 463, 474, 100 S.Ct. 1244, 1251–1252, 63 L.Ed.2d 537 (1980).

*Appeal dismissed.*