Terry HOWARD, Byron Roseman, Frederick Wikander, Trustees of Medical Associates, Chelmsford Medical Associates,

v.

### CYCARE SYSTEMS, INC.

Civ. A. No. 87–2929–H.

United States District Court,
D. Massachusetts.

March 15, 1989.

Lawrence H. Reece, III, Heidlage & Reece, Boston, Mass., for plaintiffs.

Cynthia R. Koehler, Alan M. Reisch, Morrison, Mahoney & Miller, Boston, Mass., and Joseph P. Zammit, Reavis & McGrath, New York, N.Y., for defendant.

## ORDER

HARRINGTON, District Judge.

Report and recommendation of the magistrate is adopted by this court.

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS THE AMENDED COMPLAINT (# 29)

Feb. 27, 1989.

ROBERT B. COLLINGS, United States Magistrate.

Terry Howard, Byron Roseman and Frederick Wikander are three Massachusetts physicians who were trustees of Medical Associates, a Massachusetts business trust. Chelmsford Medical Associates, Inc., a professional corporation, is alleged to be the successor-in-interest of Medical Associates.

The instant case arises out of agreements reached whereby the defendant would sell and grant certain licenses respecting a computer system for use by the business trust. The Second Amended Complaint contains claims for intentional or negligent misrepresentation (Count I), breach of contract (Count II), breach of warranties (Count III), negligence/computer malpractice (Count IV) and unfair or deceptive acts and practices (Count V). Jurisdiction is based on diversity of citizenship.

I RECOMMEND that all but one of the grounds listed in the Defendant's Motion To Dismiss The Amended Complaint (# 29) be DEFERRED for resolution at the Pre-Trial Conference when discovery has been completed. See Rule 12(d), Fed.R.Civ.P. The reason for this recommendation is that the defendant does not assert that all of the claims in the Second Amended Complaint (as opposed to the Amended Complaint) are subject to dismissal.[1] Specifical-

---

1. Although the operative motion, i.e. Defendant's Motion To Dismiss The Amended Complaint (# 29), seeks dismissal of all claims, the first ground of that motion has been rendered moot by the filing of the Second Amended Complaint (# 62). The Amended Complaint (# 26) named only Chelmsford Medical Associates as a plaintiff and deleted Terry Howard, Byron Roseman, and Frederick Wikander as plaintiffs. On December 29, 1988, on motion of the defen-

ly, to the extent that Count II of the Second Amended Complaint contains a claim by plaintiffs Howard, Roseman and Wikander for breach of contract, defendant does not contend that Count II is subject to dismissal. Since the case will go forward on that claim regardless of whether the other claims are dismissed and since the scope of discovery would be approximately the same regardless of whether or not the other claims are dismissed at this time, it seems to me in the interests of judicial economy to defer the motion to dismiss the other claims until after the issues respecting those claims have been sharpened by the discovery process.

The one exception is the claim that the counts sounding in fraud and misrepresentation are not pleaded with the particularity required by Rule 9(b), Fed.R.Civ.P. This type of issue should not be deferred.

This is not the first time I have reviewed plaintiffs' pleadings to determine if the allegations of fraud have complied with Rule 9(b), Fed.R.Civ.P. On February 12, 1988, I issued a Memorandum (# 20) indicating that although the content of the misrepresentations was adequately pleaded, the pleadings were defective because of the failure to state the time and place of the alleged misrepresentations.

In the Amended Complaint (# 26) and in the Second Amended Complaint (# 62), plaintiffs have sought to rectify this deficiency. They claim they have done so; defendant disagrees.

Count I of the Second Amended Complaint alleging misrepresentation is divided into two parts. The first deals with misrepresentations allegedly made before the parties entered into a written contract; the second deals with misrepresentations made after the written contract was signed.

Paragraph 34 concerns misrepresentations made before the contract was signed and reads as follows:

34. To induce Chelmsford Medical Associates to enter into the Systems Purchase Agreement, Cycare falsely represented the features, performance and quality of the system and the nature and quality of Cycare's support services, and falsely represented the benefits to Chelmsford Medical Associates of using the system. Specifically, and without limitation, Cycare made the representations as described in paragraph 11, above.

Paragraph 11 contains twelve subparts (a through l) which list "representations" allegedly made. After each of the subparts, a "specification" of time and place is set forth in parentheses. The "specifications" are similar. Examples are:

a. "... (This representation was made during the one-site demonstration and in documentation.)"

c. "... (This representation was made in the on-site and off-site demonstrations, during the on-site visits and during telephone discussions between the parties.)"

g. "...(These representations were made during the on-site and off-site demonstrations, during the on-site visits and in the Written Proposal and in the documentation.)"

Paragraph 8 contains dates and places of a number of these events. The on-site demonstration occurred at the plaintiffs' offices on May 23–24, 1985. The "Written Proposal" was made on or about June 24, 1985. The "off-site" demonstration occurred on June 26–27, 1985 at Memphis, Tennessee. It is further alleged that "additional on-site visits by Cycare to Chelmsford [occurred] during the period July–September, 1985." Lastly, it is alleged that the telephone conversations occurred between May, 1985 and the date of the execution of the written contract, i.e., September 30, 1985.

---

dant, I ruled that the substitution of plaintiffs was improper and ordered the Amended Complaint (# 26) stricken. *See* # 60. However, I allowed the plaintiff to file a Second Amended Complaint naming the Chelmsford Medical Associates in addition to Terry Howard, Byron Roseman, and Frederick Wikander as plaintiffs. Defendant does not contend that the breach of contract claim contained in Count II brought by the plaintiffs Howard, Roseman and Wikander is subject to dismissal.

The second group of alleged misrepresentations is alleged to have occurred after September 30, 1985. Paragraphs 35 and 36 of the Second Amended Complaint read as follows:

35. To induce Chelmsford Medical Associates to continue to use a defective system, CyCare falsely represented that it could and would remedy the malfunctions and problems with the computer system. These representations were made beginning in approximately March, 1986 when the first computer run was made on the CyCare system, and continued to be made up to and including June, 1987. These representations were made by CyCare while present at Chelmsford Medical Associates' site, including but not limited to meetings in March 1986, April 1986, July 1986, October 1986 and March 1987 and in telephone conversations throughout the period, including but not limited to the following correspondence:

   a. letter dated August 6, 1986 from James R. Eley to Byron Roseman, M.D.;

   b. letter dated August 21, 1986 from David Bennett to Alan Carr–Locke;

   c. letter dated September 24, 1986 from David Bennett to Alan Carr–Locke;

   d. letter dated October 13, 1986 from James R. Eley to Byron Roseman, M.D.;

   e. letter dated October 25, 1986 from Lorraine Hess to Alan Carr–Locke;

   f. letter dated March 30, 1987 from Lorraine Hess to Dick Farrar;

   g. letter dated April 6, 1987 from Daniel A. Wolfe to Diane Richards;

   h. letter dated April 22, 1987 from James R. Eley to Byron Roseman, M.D.;

   i. letter dated May 22, 1987 from Daniel A. Wolfe to Byron Roseman, M.D.

The resolution of whether plaintiffs have now complied with Rule 9(b), Fed.R.Civ. P., is governed by the five most recent First Circuit cases construing Rule 9(b), Fed.R. Civ.P., i.e. *McGinty v. Beranger Volks-*

*wagen, Inc.,* 633 F.2d 226, 228 (1 Cir.,1980); *Wayne v. Gulf Oil Corp.,* 739 F.2d 11 (1 Cir.,1984); *Simcox v. San Juan Shipyard, Inc.,* 754 F.2d 430 (1 Cir.,1985); *Hayduk v. Lanna,* 775 F.2d 441 (1 Cir.,1985) and *New England Data Services, Inc. v. Becher,* 829 F.2d 286 (1 Cir.,1987).

In *McGinty v. Beranger Volkswagen, Inc.,* the Court wrote:

The clear weight of authority is that Rule 9 requires specification of time, place and content of an alleged false representation but not the circumstances or evidence from which fraudulent intent could be inferred. [citations omitted] This interpretation of Rule 9 comports with its language, harmonizes the rule with Rule 8, which requires that averments in pleadings be concise and direct, and at the same time fulfills a major purpose of Rule 9: to give adequate notice of the plaintiff's claim of fraud or mistake. [citations omitted]

*Id.,* 633 F.2d at 228–29.

In *Wayne v. Gulf Oil Corp.,* the Court added "... that allegations based on 'information and belief' do not satisfy the particularity requirement unless the complaint sets forth the facts on which the belief is founded ... and that the requirement that supporting facts be pleaded applies even when the fraud relates to matters within the knowledge of the opposing party." *Id.,* 739 F.2d at 13–14.

In *Simcox v. San Juan Shipyard, Inc.,* the Court noted that the "purpose of the rule [9(b) ] is to protect the defendant from unfair surprise and to discourage 'strike suits.'" *Id.,* 754 F.2d at 439. In addition, the Court wrote:

Federal Rule of Civil Procedure 8(f) provides that "all pleadings shall be construed so as to do substantial justice." Considered as a whole, we find that the facts and circumstances pleaded in the complaint were sufficient to give notice to [the defendant] of the nature of the claims against it and find no error in the district court's consideration of fraud. [citation omitted]

*Id.* at 440.

In *Hayduk v. Lanna,* the Court wrote:

One of the main purposes of [Rule 9(b)] is to apprise the defendant of fraudulent claims and of the acts which form the basis of the claim. [citations omitted] In other words, '[i]n cases in which *fraud lies at the core of the action,* the rule does not permit a complainant to file suit first, and subsequently to search for a cause of action.' *Lopez v. Bulova Watch Co., Inc.,* 582 F.Supp. 755, 766 (D.R.I.1984) (citing *Deyhle v. Barclay Investments, Inc.,* No. 82–0662, slip op. at 4 (D.R.I. Oct. 13, 1983)) (emphasis added).

*Id.,* 775 F.2d at 443.

Lastly, in *New England Data Services, Inc. v. Becher,* the Court considered the applicability of Rule 9(b) to predicate acts of mail and wire fraud which were pleaded in a RICO claim. The Court held that "Rule 9(b) requires specificity in the pleading of RICO mail and wire fraud [and] [t]his degree of specificity is no more nor less than we have required in fraud and securities fraud cases." *Id.,* 829 F.2d at 290 (citations omitted). In so holding, the Court wrote that:

> Generally, there are three purposes behind Rule 9(b)'s particularity requirement: (1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a "strike suit"; and (3) to safeguard defendants from frivolous charges which might damage their reputations. [citations omitted]

*Id.,* 829 F.2d at 289.

The Court specifically noted that in determining whether Rule 9(b) is satisfied, a Court must "keep in mind" these three major purposes of Rule 9(b).

■ Applying these principles to the case at bar, it becomes apparent that the Second Amended Complaint complies with the provisions of Rule 9(b), Fed.R.Civ.P. Therefore, I RECOMMEND that Defendant's Motion To Dismiss The Amended Complaint (# 29) be deemed to seek dismissal of the Second Amended Complaint and that to the extent that the motion seeks dismissal of the Second Amended Complaint on the ground that it fails to plead fraud and misrepresentation with the requisite degree of particularity, the motion be DENIED.

First, all but two of the misrepresentations alleged in paragraph 11 (made before the written contract was executed) are alleged to have been made at either the "on-site demonstration" or the "off-site demonstration" or both. The dates and places of both the "on-site demonstration" and the "off-site demonstration" are stated with particularity in paragraph 8. The other two misrepresentations are alleged to have been made at "on-site visits." Since "on-site" refers to the plaintiffs' business premises, the place of the misrepresentations is pleaded with particularity. The time is specified in paragraph 8 as being within the three months period from July through September, 1985. In the circumstances, I view this as sufficient particularity.

Second, each of the alleged misrepresentations made after the written contract was signed are alleged to have been made in nine pieces of correspondence which are listed by date, sender, and recipient in paragraph 35 of the Second Amended Complaint. This is sufficient particularity as to time and place for the purposes of Rule 9(b), Fed.R.Civ.P.

Third, I view the allegations respecting misrepresentations made both before and after the written contract was executed as being sufficient when considering the purposes of Rule 9(b). The allegations give sufficient notice of the basis of the allegations of fraud to enable the defendant to prepare a meaningful response. In view of the sufficiency of the breach of contract claim which arises out of the same set of circumstances, it can hardly be said that the fraud claim is a pretext to discovering a wrong or that the fraud claim is being used as a "strike suit." *Roberts v. Smith Barney, Harris Upham Co., Inc.,* 653 F.Supp. 406, 415–16 (D.Mass., 1986). Lastly, the fraud claim cannot be labelled as frivolous.

■ Fourth, in view of what I have indicated regarding the sufficiency as to time and place of misrepresentations made at on-site and off-site demonstrations and at on-site visits and in correspondence, I do not find a violation of Rule 9(b) in the

allegations that the same misrepresentations were also made in unspecified telephone calls between agents of the parties during the specified time periods. Rule 9(b), Fed.R.Civ.P., is to be harmonized with Rule 8(a)(2), Fed.R.Civ.P., which provides for a "short and plain statement of the claim." There would be no harmony between the two rules if a plaintiff, in order to comply with Rule 9(b), had to list every time and place at which a specific misrepresentation was repeated.

 Lastly, I do not see a violation of Rule 9(b) in the failure of the plaintiff to identify the specific agent of the defendant who made each misrepresentation. Although other courts have construed Rule 9(b) as requiring an identification of the maker of the misrepresentation,[2] none of the First Circuit cases indicate that such identification is a prerequisite to compliance with Rule 9(b);[3] all that is required is a specification of time, place and content. To be sure, I can envisage some circumstances in which an identification might well be required. For example, if a complaint alleged only a single misrepresentation by an agent of a defendant and specified the time, place and content but not the identity of the agent, it could well be argued that the defendant-corporation would need further specification in order to make a meaningful response to the claim. But the circumstances of the instant case are different. There appears to have been an extended period of dealings between the parties culminating in a written contract which both sides acknowledge as having executed. I cannot see how a specification of the identity of the defendant's agents who allegedly made the misrepresentations is necessary in order for the defendant to understand the basis of the fraud claim and to be able to respond to it.

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to this report and these recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *United States v. Vega,* 678 F.2d 376, 378–79 (1 Cir., 1982); *Scott v. Schweiker,* 702 F.2d 13, 14 (1 Cir., 1983). *See also, Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

After the District Judge to whom this case is assigned acts on the within Report and Recommendation, the case should be returned to the undersigned for further proceedings pursuant to Rule 16(b), Fed.R. Civ.P.

---

**2.** *Bennett v. Berg,* 685 F.2d 1053, 1053, 1062 (8 Cir., 1982); *City of Harrisburg v. Bradford Trust Co.,* 621 F.Supp. 463, 475 (M.D.Pa., 1985); *Pocahontas Supreme Coal Co., Inc. v. National Mines Corp.,* 90 F.R.D. 67, 73 (S.D.N.Y., 1981).

**3.** Defendant contends that the case of *Carbone, Inc. v. Proctor Ellison Co.,* 102 F.R.D. 951 (D.Mass, 1984), stands for the proposition that identity of the "participants" in the making of misrepresentations is required for plaintiff to comply with Rule 9(b). Judge Mazzone was merely pointing out how globally deficient plaintiff's complaint was in that case. The case involved a RICO claim in which mail and wire fraud were pleaded as predicate acts. Judge Mazzone wrote:

> Tucked onto these allegations is a simply conclusory paragraph, namely, that the defendants used the mails or electronic facilities in interstate commerce on two or more occasions thus satisfying the requirements of the two predicate acts. There is no description of any particular act, time, place, participant or what possible indictable offense was committed.

*Id.* at 953.

In its papers, defendant in the instant case takes the phrase in which the word "participant" appears out of context and comes perilously close to misstating the holding of the case.