### HOT LOCKS, INC. and Hyman Products Company, Inc., Plaintiffs,

v.

### OOH LA LA, INC., Tenten Creations, Inc. and Proudline, Inc., Defendants.

### No. 85 Civ. 7098–CLB.

United States District Court, S.D. New York.

Oct. 10, 1985.

Charles Grimes, Grimes & Battersby, Stamford, Conn., for plaintiffs.

Gene S. Winter, St. Onge Steward Johnston, and Reems, Stamford, Conn., for defendants.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

At oral argument held October 9, 1985 with respect to a motion docketed September 25, 1985, it was in effect conceded that venue in this District for this patent, trademark and copyright litigation is inappropriate insofar as concerns defendant Proudline, Inc. Defendant's motion is granted to the extent that the action is dismissed as to it, without prejudice and without costs. Defendant Proudline also seeks an award of legal expenses pursuant to Rule 11, F.R. Civ.P., incurred in making a motion to dismiss or transfer.

The amendment of Rule 11, F.R.Civ.P., effective in 1983 has called forth a flood of such collateral disputes within lawsuits, unrelated to the ultimate merits of the cases themselves, as to whether or not sanctions should be imposed on parties and/or lawyers for its violation. The amendment was enacted to decrease the costs and delay inherent in litigation in the federal courts, by requiring that all allegations and contentions be submitted in good faith. It has been held that an objective test of good faith must be applied. *Wells v. Oppenheimer & Co., Inc.,* 101 F.R.D. 358, 359 (S.D.N.Y.1984).

Under the circumstances of this case we should be reluctant to impose sanctions at this early stage, simply for alleging improper venue, and failing to recede promptly from the allegation without a motion being made to the Court. At least on the present record before me the underlying complaint presents fair ground for litigation. Selection of a forum is not part of the claim itself. When initially selected by plaintiff's attorney, the venue was not known to be improper. Furthermore, objections to venue, and indeed objections to the exercise of *in personam* jurisdiction, may be and often are, waived. While imposition of sanctions serves an essential purpose in cases where allegations concerning

the merits are unfounded or discovery is being abused, it must be remembered that for every social benefit in litigation, there is also likely to be a corresponding detriment. The detriment in the case of sanctions is that the attorney or party upon whom sanctions are imposed must justify his or her conduct in his relationships with his or her client and his or her office colleagues. Furthermore, his or her own self-esteem may come to be at stake, although it should not be. These factors tend to destroy the atmosphere of friendly cooperation and professional collegiality which should exist between opposing attorneys in civil litigation. A cordial, professional relationship must be preserved between attorneys if civil litigation is to be resolved promptly and fairly on the merits and with minimum expense to society and the participants. That this is true is shown from the fact that almost 85% of our cases are settled prior to appellate finality. A lawyer who has been sanctioned by the Court at the instance of an adversary is likely to be resentful toward the adversary and counterphobic in his or her actions, therefore less effective in achieving a just settlement, or in resolving those minor controversies which often arise during pre-trial proceedings. The Court, and counsel who request attorneys fees or sanctions, should remain conscious of these fundamental truths.

Against these considerations the Court must balance the right of the opposing party to be free from the cost and expense of having to resort to unnecessary motion practice. The inconvenience and delay suffered by defendant Proudline, Inc. in this case does not counterbalance the other considerations cited so as to require the imposition of sanctions. To the extent that *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521 (D.C.Cir.1985), relied on by Proudline, may be read to require a contrary result, that case is of course not binding in this District. Furthermore, the egregiously oppressive conduct found in that case is not present here.

The action is dismissed without prejudice as to defendant Proudline, Inc.

So Ordered.